KLEB v. WALLACH et al.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. MASTER AND SERVANT—EXTRA SERVICES—COMPENSATION.
    Evidence that an employé, at the request of his employers, made de-
    signs for jewelry outside of his regular work hours, which they subse-
    quently used in their business, and that the employers, when they made
    the request, recognized that such services were not a part of the employé's
    regular work, warrants a finding of an implied promise of the employers
    to pay the employé a special compensation, additional to his regular wages,
    for the designs.
2. SAME—VALUE OF SERVICES—EVIDENCE.
    A verdict against an employer for extra services will be set aside where
    the only evidence of the value of such services was incompetent, and the
    instructions on the measure of damages erroneous.

Appeal from circuit court, New York county.
Action by Joseph Kleb against Samuel Wallach and others for
compensation, additional to his regular wages as employé, for de-
signs for jewelry made, at request of defendants, outside of work
hours, and used by them in their business. From a judgment for
plaintiff, and an order denying a new trial on the minutes, defend-
ants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.

Joseph Fettretch, for appellants.
George A. Stearns, for respondent.

BARRETT, J. The plaintiff claimed compensation for the use
by the defendants of certain designs in jewelry articles invented
by him. He was a workman in the employ of the defendants, and
he avers that the designs in question were invented at odd hours,
outside of his regular hours of work, and upon Sundays. There
were two questions in the case: First, whether there was an im-

plied promise on the part of the defendants to pay for these designs; and, second, what was their reasonable value.

The plaintiff was in the defendants' employ. There was no express agreement to pay him for these designs apart from his regular wages. Whether, from the defendants' request to make the designs, an implied promise arose to pay therefor, depended upon the special circumstances of the case. The making of the designs was not, apparently, within the plaintiff's regular employment. They were made largely outside of his ordinary hours of work. He says that one of the defendants told him to make them at home, and that he made many of them there. There is other evidence tending to show that these particular services were not included in the plaintiff's regular work, and that the defendants recognized the fact when they made the special request upon which the action is founded. We think there was enough, at all events, to go to the jury upon this head, and that they were authorized to find an understanding between the parties that the plaintiff should be compensated for the extra and special services in question.

The plaintiff wholly failed, however, to prove the value of these services. He attempted to prove a custom as to the compensation for such designs. He endeavored to show that it was the custom to allow therefor 10 per cent. upon the cost of each article made therefrom. We have examined the testimony carefully upon this head, and it is entirely clear that no such custom was proved, and that none such exists. Such a custom would be preposterous, and so, indeed, the jury must have thought, for their verdict bears no earthly relation to the plaintiff's claim on this head. The case was tried without the slightest regard to the rules of law governing the measure of damages. The plaintiff was permitted to prove, under objections and exception, that, when he first entered the defendants' employ, there were but 10 workmen in the shop, while, after his designs came in, the business increased so rapidly that the defendants employed from 60 to 70 workmen. After this testimony had been repeated several times, the learned trial judge acknowledged that it was "utterly immaterial," and stated that he allowed it for the purpose of indulging the plaintiff's counsel in his own theory of the case. It would have been better had the learned judge followed his own clear views,—better for the speedy and correct administration of justice, and better, in the end, for the plaintiff. But this testimony was worse than immaterial. It left the jury, in a case which was entirely barren of legal evidence as to the value of the plaintiff's services, to speculate upon the general improvement in the defendants' business occasioned by the plaintiff's talent as a designer. It left them entirely free to give unliquidated damages. Then, too, the learned judge's charge afforded the jury no guide upon this subject. There is not a suggestion as to the true rule or the proper measure of compensation. The jury were left entirely at sea, to deal with idle and incompetent testimony according to their own notions, and were permitted, in a general and loose way, to do just what they pleased. A verdict thus unsupported by competent evidence, and arrived at without

instructions as to the proper measure of compensation, cannot be permitted to stand.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

