## BLOODGOOD v. WUEST.

(Supreme Court, Appellate Division, Second Department. February 21, 1902.)

MASTER AND SERVANT—OVERTIME—COMPENSATION—ASSISTANT CLERK OF COURT.
　　Where one employed as an assistant equity clerk of Kings county performed services required by the duties of his office before 9 a. m. and after 4 p. m., and was told by the clerk he would pay him for overtime, he could not recover for work done before 9 a. m. and after 4 p. m.; County Law, § 165, requiring the office to be open from 9 to 4, referring only to the hours when the office shall be open to the public, and the clerk's promise being a nudum pactum, inasmuch as the duties were required by the employment.

Appeal from trial term, Kings county.

Suit by George W. Bloodgood against William P. Wuest. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

J. Aspinwall Hodge, Jr., for appellant.

Hugo Hirsh, for respondent.

JENKS, J. The plaintiff testified that on January 1, 1898, he became an assistant equity clerk in the public office of the defendant, who was county clerk of Kings; that a few weeks thereafter he said to the defendant that the work was accumulating, and that he was working on it overtime, whereupon the defendant said: "Well, keep it up. I will pay you. Keep the work up. I will pay you, —will pay you for it;" that this was substantially repeated at several subsequent conversations. During the time in question the plaintiff received a regular monthly salary. His bill for the extra work was rendered to the defendant in October, 1899. The plaintiff not only failed to show that the services were foreign to the duties of his clerkship, but, on the contrary, it appeared that they were wholly within them. Though the plaintiff testified that he worked before 9 a. m. and after 4 p. m., yet I think that this does not tend to prove that he worked overtime for the defendant. Although section 165 of the county law requires the county clerk to keep his office open for the transaction of business from 9 o'clock a. m. until 4 o'clock p. m., yet this provision is plainly made for the convenience of those who have business with the office. The letter of the plaintiff's appointment was not produced, and he could not say whether it specified the hours of his employment. Indeed, he says that he reported "at all hours." I am not aware of any provision of law which regulates the internal administration of this office, or which defines the hours of employment of the clerks therein, in the sense that their voluntary work outside of such hours might tend to sustain any claim for extra compensation. I have used the term "voluntary work" for the reason that the plaintiff testifies that he was not told what work must be done by him each day, or that he was required by his employer to work for any specified hours. The plaintiff could not infer from the character of his duties that that work was not required beyond the hours during which the office was open for the transaction of public business. For he testifies that such duties were to enter up all of the court papers that came into the county clerk's office, and to index them; that he copied them in minute books and libers; and also prepared indices, "filing them away, and so forth, making searches." Indeed, it might be argued that the nature of such services would require him who desired to keep abreast of such work to labor when this public office was closed to the public. Mr. Wood, in his treatise on Master and Servant (2d Ed., p. 174), lays down the rule:

"But in order to be entitled to extra compensation, the service must be such as the servant is under no obligation to perform; for, where a person is bound to do an act, his duty, either at law or under a contract, is fixed, and a promise to pay him an increased rate of compensation for doing what

his duty requires him to do is a nudum pactum, and void for want of consideration to support it,"—citing authorities.

See, too, Carrere v. Dun (Sup.) 41 N. Y. Supp. 34, 35.

The learned counsel for the appellant relies upon Kleb v. Wallach, 6 App. Div. 583, 39 N. Y. Supp. 654. But in that case the labor performed was not within the plaintiff's regular employment, and the services rendered were not included in the plaintiff's regular work.

The judgment and order should be affirmed, with costs. All concur.