## SHELTON & SIRES, Appellants, v. THOMPSON BENNETT & COMPANY, Respondents.

### Kansas City Court of Appeals, November 3, 1902.

1. **Sales: FRAUDS AND PERJURIES: ACTS OF PARTIES: REMEDY.** The acts of the parties may constitute a sale though it may be voidable by the statute of frauds which affects the remedy only, and its benefits can not be claimed by one who is not a party to the contract.

2. ———: **STATUTE OF FRAUDS: VENDOR'S REPUDIATION: RESALE.** If the vendor avoids a sale under the statute and retains the goods, he can resell and give good title to the purchaser who can plead his vendor's repudiation of the former sale as a bar to the action of the first vendee.

3. ———: ———: **PLEADING: JUSTICE'S COURT.** In a justice's court the defendant does not have to plead the statute of frauds in writing, and though the record fails to show an oral plea of the statute, the defendant may, nevertheless, rely upon such plea when the plaintiffs have failed to plead a contract.

4. ———: **DELIVERY: WHAT SUFFICIENT.** A vendor drove certain hogs to the place of delivery, and found no one there to receive or weigh them. Later he refused to weigh them at the request of the vendee. *Held*, there was no delivery, which necessarily implies a change of dominion and control over the property.

Appeal from Grundy Circuit Court.—*Hon. Paris C. Stepp*, Judge.

AFFIRMED.

*Platt Hubbell, Geo. B. Padget* and *O. G. Williams* for appellant.

(1) "It is the settled doctrine of this court that if upon the pleadings and undisputed facts the judgment is for the right party, there can be no reversal no matter

what errors intervened upon the trial. Then, upon the same principle, if the judgment is for the right party, upon the undisputed or admitted facts in the trial court, that court should not disturb the verdict and judgment thereon, notwithstanding error in instructions was made by it.'' Homuth v. Railway, 129 Mo. 642; Ittner v. Hughes, 133 Mo. 689; Roe v. Bank, 167 Mo. 406; Richardson v. Moffit-West, 69 S. W. 405. (2) At common law four elements constitute a valid sale, and, convey the title to personalty. They are competent parties, mutual assent, an article the property in which is the legal subject of sale, and a price in money paid or promised. There need be no delivery. Smith Personal Prop., secs. 97, 103; Shoe Co. v. Bain, 46 Mo. App. 594; Cunningham v. Ashbrook, 20 Mo. 557; 1 Mechem on Sales, sec. 216; Nance v. Metcalf, 19 Mo. App. 188; State ex rel. v. Durrant, 69 Mo. App. 396; 1 Mechem, sec. 281. (3) ''As the statute of frauds affects only the remedy of the party sought to be charged, its benefits can not be claimed by strangers. It is a personal defense, and can only be made by parties to the contract, or by their privies.'' 9 Ency. of Pldg. and Prac., 703; Book v. Justice, 58 Fed. Rep., 119; 8 Am. and Eng. Ency. (1 Ed.), 659; Railroad v. Clark, 121 Mo. 186; Dock Co. v. Kinzie, 49 Ill. 293; Lewis v. Land Co., 124 Mo. 685; 2 Rap. Law Dict., 1011; 19 Am. and Eng. Ency. Law (1 Ed.), 156; 7 Am. and Eng. Ency. of Law (2 Ed.), 104; Jackson v. Stanfield, 23 L. R. A. 598; Cobbey on Replevin (2 Ed.), sec. 823. (4) This case originated in justice court. The defendant is not required to file any pleading: nor did it in this case. But, if the defendant wanted to invoke the defense of the statute of frauds, the law requires it to object to oral evidence in the trial, or, move to strike out the oral evidence, or, in some other appropriate manner inform the plaintiff and the trial court, during the trial and the taking of the evidence, that it relied on this defense. Scharff v. Klein, 29 Mo. App. 549; Cash v. Clark, 61 Mo. App. 640; State v. Peak, 85 Mo. 190; State v. Fischer, 124 Mo. 463; Browne on Frauds,

(1 Ed.), sec. 135; Clement v. Gill, 59 Mo. App. 485; Yeoman v. Mueller, 33 Mo. App. 347; Lafayette B. A. v. Kleinhoffer, 40 Mo. App. 393; Penninger v. Reilley, 44 Mo. App. 262; Carder v. Primm, 47 Mo. App. 306; Hackworth v. Zeitinger, 48 Mo. App. 36; Neuvirth v. Engler, 83 Mo. App. 423; Lammers v. McGeehan, 43 Mo. App. 667; Hobart v. Murray, 53 Mo. App. 254; Davis v. Kroyden, 60 Mo. App. 443; Van Idour v. Nelson, 60 Mo. App. 528; Alter v. Frick, 62 Mo. App. 455; Mfg. Co. v. Clay, 53 Mo. App. 415; Miller v. Harper, 63 Mo. App. 293. (5) That there was a delivery by Bain (the seller) is admitted. The question, on this phase of the case is, whether there was an acceptance and receipt by the plaintiff. Tiedeman on Sales, secs. 114, 115. Sires, acting for plaintiff, went into the presence of Bain and the hogs, went into the place where Bain had delivered the hogs for the plaintiff under the contract, and said, "come on and let's go and weigh them." Tiedeman on Sales, sec. 66; 2 Mechem on Sales, sec. 1366; Bass v. Walsh, 39 Mo. 201; 1 Mechem on Sales, secs. 377, 378; 2 Mechem on Sales, sec. 1364. The elements of acceptance and receipt are illustrated by Harvey v. St. Louis Butchers, 39 Mo. 212; Kaes v. Lime Co., 71 Mo. App. 108.

*O. G. Bain & Son, F. J. Chatburn* and *Harber & Knight* for respondents.

(1) There was no sale of hogs from Bain to Shelton & Sires, but only a contract or agreement to sell. No title passed to Shelton & Sires, under this executory contract. And before title could have passed there must have been a delivery to plaintiffs. And a delivery to the stockpens at Spickards, Missouri, was not a delivery to the plaintiffs. Harvey v. Butchers Ass'n, 39 Mo. 212; Thomas v. Ramsey, 47 Mo. App. 84. (2) When there is only an agreement to sell, and the sale is not executed, an action for the possession, can not be maintained; the proper remedy would be an action for damages arising out of the breach of contract. Boutell

v. Warne, 62 Mo. 350; Suggett's Adm'r v. Carson's Adm'r, 26 Mo. 221. (3) A contract is only an agreement to sell and does not become a sale if any term in which the seller must co-operate, or which imposes a liability or duty on him remains to be performed, such as inspecting and transporting goods to another place to be there delivered and received. Title does not pass by such executory agreements. Thomas v. Ramsey, 47 Mo. App. 84; Connory v. Wallace, 2 Ala. 542; Kelley v. Upton, 5 Deur. 336; Thomas v. Ramsey, 47 Mo. App. 84; Robinson v. Hirchfield, 59 Ala. 503; Crawford v. Formstall, 58 N. H. 114. (4) An oral executory contract of sale in which none of the requirements of the statute of frauds have been complied with, is not sufficient to pass title from the vendor to the vendee as against the rights of third parties acquired thereunder. Brown on Statute of Frauds (5 Ed.), secs. 138f, 138g, 138h, 138i, 138j; Ely v. Ormsby, 12 Barb. 570; Winner v. Williams, 62 Mich. 363; Hicks v. Cleveland, 48 N. Y. 84; Young v. Blaisdell, 60 Me. 272; Summerall v. Thomas, 3 Fla. 298. (5) Before there can be a delivery under the statute of frauds (R. S. 1899, sec. 3419) there must be an acceptance and receipt of the goods by the vendee. Each of these words has a separate meaning. Hence, to make a complete and valid delivery it requires not only an examination of the goods sold, but an actual change of possession. Cunningham v. Ashbrook, 20 Mo. 553; Harvey v. Butcher's Assn., 39 Mo. 212; Lule v. Shinnebarger, 17 Mo. App. 66. (6) No special defense of the statute of frauds was required in the justice courts. Yeoman v. Mueller, 33 Mo. App. 343; Mullican v. Electric Co., 90 Mo. App. 595; Pattison's Mo. Code Pl., secs. 564, 592; Hillman v. Allen, 145 Mo. 638; Hurt v. Ford, 142 Mo. 283; Van Idor v. Nelson, 60 Mo. App. 523; Springer v. Kleinsorge, 83 Mo. 152; Allen v. Richards, 83 Mo. 55; Bernhardt v. Walls, 29 Mo. App. 206; Wildbohn v. Raubidaux, 11 Mo. 659; Hook v. Turner, 22 Mo. 333. (7) In the action of replevin, as in that of ejectment, where the pleading on the part of plaintiff is a general aver-

ment of ownership of the property and a consequent right of possession, any proof on the part of the defendant, which goes to show that the plaintiff, at the time of the commencement of the suit, was not the actual owner, and was not entitled to the possession thereof, is admissible under the general issue, even though it extend to the proof of fraud in the acquisition of plaintiff's title, or that the ownership and right of possession were in a third party. Young v. Glascock, 79 Mo. 574; Schulenberg v. Harriman, 21 Wall. 45; Mather v. Hutchison, 25 Wis. 27; Caldwell v. Bruggerman, 4 Minn. 270; Wheeler v. Billings, 38 N. Y. 264; Bosse v. Thomas, 3 Mo. App. 472; Thomas v. Ramsey, 47 Mo. App. 84. (8) Plaintiffs can not maintain this suit against defendants because there had been no change of possession. R. S. 1899, sec. 3410; Claflin v. Rosenberg, 42 Mo. 439; Wright v. McCormick, 67 Mo. 426; Harmon v. Morris, 28 Mo. App. 326; Thomas v. Ramsey, 47 Mo. App. 84.

BROADDUS, J.—This suit originated in a justice's court, where trial was had, appeal taken to the circuit court of the county, where on trial anew the plaintiff recovered judgment, which the court on motion for a new trial set aside. From this action of the court in setting said verdict aside, the plaintiffs appealed. The action is replevin, to obtain the possession of fifteen hogs, of which, it is alleged, the plaintiffs were the owners, and which the defendants unlawfully withheld. It appears that the parties to the suit are stock-shipping firms doing business at Spickards, Grundy county, Missouri; that on September 2, 1901, J. N. Sires, acting for plaintiffs, went to the farm of one Richard Bain, some distance from said town, and contracted with said Bain, the owner, in behalf of plaintiffs for said hogs at the price of $5.37 1-2 per hundred weight, said Bain agreeing to deliver them on September 14, next, at the stockyards of the Rock Island railroad in said town of Spickards. At the time of the said agreement, these particular hogs were selected by

Sires and Bain from other hogs of Bain which were in the same pen. There was no writing signed by the parties and no money paid. On said Wednesday, said Bain placed the hogs in said stockyards. At about 8 o'clock a. m., after the hogs had been put in the pens, Sires appeared and wanted Bain to have the hogs weighed. But it was shown that Bain was not willing to weigh the hogs to plaintiffs because Sires had not come sooner for that purpose, he, Bain, claiming that they had shrunk in the meantime, and that to meet this shrinkage the plaintiffs should pay him a larger price per hundred. This Sires, one of the plaintiffs, refused to do. It appears that defendants purchasing agent had offered Bain ten cents more per hundred than the agreed price aforesaid and when Bain asked Sires to pay this additional price, which had been offered by Griffin, who was defendant's purchasing agent, he (Sires), according to Bain's evidence, "just turned around and says, you sell them to him." Bain did sell to Griffin for defendants, the hogs, whereupon the plaintiffs on the fifth of said month instituted these proceedings.

One contention of the defendants is, that as there was no writing evidencing the agreement between Bain and the plaintiffs, signed by the parties, and no money paid, the value of the animals in dispute being over $30, the plaintiffs were not entitled to recover. If the acts of the parties constituted a sale at law, the transaction was not void, but only voidable at the election of the party to be charged. Aultman v. Booth, 95 Mo. 386; Maybee v. Moore, 90 Mo. 343. "And it may also be said that as the statute of frauds affects only the remedy of the party sought to be charged; its benefits can not be claimed by one who is not a party to the contract and is not sought to be charged thereby." Railway v. Clark, 121 Mo. 169.

But we hold that the defendants are not within the above rule, for the reason that their vendor, Bain, voided the contract in the first instance by refusing to let plaintiffs have the hogs in dispute. It would be

illogical to hold that after a vendor had repudiated an oral contract like the one in question, he could not thereafter sell the goods and give good title. That is to say, that thereafter he must keep the goods because a purchaser could not be found, for the reason that they could be taken from him by the original vendee, which would destroy their character as articles of merchandise. But it is plain, that when the vendor voids a sale under said statute and retains the goods, his title is as if no such sale had ever been made and he can resell and give as good a title as his own to the purchaser, who can, at a suit by the first vendee for the same goods, plead the action of the vendor, as a bar to such suit. But as these proceedings were instituted in the justice's court, the defendants were not required to state their defense in writing. The record fails to state the substance of any oral plea made by defendants, but we are enabled to gather, that they relied upon the fact that they were the owners of the property in controversy, by reason of their purchase from Bain, and that plaintiffs got no title under their said contract with him, because it was not reduced to writing, no money paid and no delivery of the hogs. Plaintiffs contend that defendants could not avail themselves of the statute of frauds unless it was pleaded as a defense. This would be true if the plaintiffs themselves had pleaded a contract, but this they did not, and were not required to do, and it follows, therefore, that defendants were not required to set up the statute of frauds to an unpleaded contract. Under a denial of plaintiffs' title, it was permissible for them to show that the contract under which plaintiffs sought to recover was voidable under the statute of frauds, and that such contract had been repudiated and rendered nugatory by the action of their vendor, Bain, as has been already said.

But it is contended by plaintiffs that independent of all these questions there was an actual delivery of the goods. It is conceded that a contract was made between Bain and plaintiff in reference to the hogs, and their identity ascertained. The only point to deter-

mine, then, is, was there a delivery? If there was a delivery, the statute of frauds has nothing to do with the case and the plaintiffs were entitled to recover. Browne on Statute of Frauds, section 317 reads: "Where, by the terms of the contract, the sale is to be for cash, or any other condition precedent to the buyer's acquiring title to the goods be imposed, or the goods be, at the time of the alleged receipt, not fitted for delivery according to the contract, or anything remains to be done by the seller to perfect the delivery, such fact will be generally conclusive that there was no receipt by the buyer. There must be first a delivery by the seller, with intent to give possession of the goods to the buyer." Property of the character in dispute was capable of the actual transfer of the possession from the buyer to the seller. It is contended by plaintiffs that, as the contract provided that the hogs should be delivered at the stockpens of the Rock Island railroad at Spickards, the fact that Bain took and put them in said pens constituted delivery. A similar contention was made in Harvey v. St. Louis Butchers Ass'n, 39 Mo. 212.

The facts in that case were "the price (per head) and the number of cattle were agreed upon, and they were to be driven by the plaintiff to Dresden, a station on the Pacific railroad, and delivered into the cattle pens at that place on the last of September, and they were driven by plaintiffs' agent to Dresden and put into the stockpens on that day, but there was nobody there to receive them on behalf of the defendants, and they were driven away again to a herding place by the same agent." The court held that there was no delivery, no actual change of possession, that, "a delivery of possession necessarily implies a change of dominion and control over the property." Here the hogs were delivered at the stockyards as agreed, but there was no one there at the time to weigh and receive them, and when one of the plaintiffs came to receive them, the vendor refused to deliver them to him. Bain never parted with his possession of the hogs, but held control

of, and dominion over, them until he sold and delivered them to the defendants.    Under the undisputed facts in the case, the plaintiff was not entitled to recover, and the court was fully justified in setting the verdict aside on grounds 1 and 9 mentioned in defendants' motion for a new trial.

Cause affirmed.    All concur.