### BOOKER v. HEFFNER.

(Supreme Court, Appellate Division, Second Department. June 4, 1904.)

1. CONTRACT NOT TO BE PERFORMED WITHIN A YEAR—NEW AGREEMENT.

Where defendant told plaintiff in February that he would employ her for a year commencing the following June, and in June told her not to be uneasy, that she was safe for a year, the agreement in June was insufficient to take the case out of the statute of frauds.

2. SAME—QUANTUM MERUIT.

Plaintiff's remedy for services performed after June 1st was by action upon a quantum meruit.

3. SAME—PLEADING.

In a suit on a contract, where the pleadings were oral, and the fact that the contract was void under the statute of frauds was brought out only upon cross-examination of plaintiff's sole witness, defendant was entitled to rely on the statute, though not originally pleaded by him.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Sallie Booker against Edward W. Heffner. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

George W. Martin, for appellant.
Samuel F. Edmead, for respondent.

JENKS, J. The pleadings are oral. The plaintiff sued to recover for work, labor, and services, and amended her complaint to breach of contract. The answer was a general denial. The plaintiff testified that the parol contract was for a year's service; that the service began in the month of June, continued for a year; and that at the end of the year a further conversation between her and the defendant resulted in her continuance at service until she was discharged some months thereafter. But on cross-examination she testified that the

"further conversation" was in the preceding February, at which time the defendant agreed to employ her for a second year when the present year was "up." She testified that she is sure of that, and has no doubt that she made the agreement in February. She then testified that all the defendant told her in the following June was "not to be uneasy," that she was "safe for a year." I am of opinion that this was not sufficient to take the case out of the statute of frauds, inasmuch as a new contract was then necessary; i. e., the former contract should have then been renewed. Odell v. Webendorfer, 50 App. Div. 579, 64 N. Y. Supp. 451; Oddy v. James, 48 N. Y. 685; Berrien v. Southack (City Ct. N. Y.) 7 N. Y. Supp. 324; Wanamaker v. Rhomer, 23 Wkly. Dig. 60.

The remedy is upon quantum meruit for the services rendered. Hartwell v. Young, 67 Hun, 472, 22 N. Y. Supp. 486. I think that under the pleadings and in view of the fact that the application of the statute of frauds was elicited only upon the cross-examination of the sole witness for the plaintiff, the defendant could rely upon the statute, although not originally pleaded by him. Fanger v. Caspary, 87 App. Div. 417, 420, 84 N. Y. Supp. 410; Duffy v. O'Donovan, 46 N. Y. 223, 226.

The judgment should be reversed, and a new trial be ordered; costs to abide the event. All concur.