SAMUEL L. OWEN, DEFENDANT IN ERROR, v. WALTER L. RIDDLE, EXECUTOR OF ELIJAH B. HANNA, DECEASED, PLAINTIFF IN ERROR.

Argued November 17, 1910—Decided May 4, 1911.

1. Where a testator conferred upon his executor a power to sell the real estate of which the testator died seized, the executor was thereby vested with power to contract for the sale of the real estate.
2. In an action on contract a defendant whose plea denies the contract has the benefit of the statute of frauds without specially pleading it.

On error to the Supreme Court.

For the defendant in error, *Vreeland, King, Wilson & Lindabury.*

For the plaintiff in error, *Lambert & Stewart.*

The opinion of the court was delivered by

MINTURN, J. The suit was instituted to recover commissions which the plaintiff as a real estate agent claimed from defendant as executor. The subject-matter was a farm of defendant's testator situated at Lower Montville, consisting of thirty acres, which defendant under a written contract signed

by him as executor authorized the plaintiff to sell for $6,500, upon a basis of five per cent. commission for his services. The plaintiff effected the sale, but the defendant, claiming that he had sold the farm to another party prior to plaintiff's sale and had thereby revoked plaintiff's authority to sell, refused payment, and this suit, based upon a special allegation of the facts, to which the common counts were added, resulted in a recovery by the plaintiff upon the verdict of a jury, for the amount of the commissions.

An item of $100, for extra advertising, was included in the plaintiff's demand, but the trial court eliminated that from the consideration of the jury, and, therefore, a discussion at this time of the legal propriety of its introduction in the case would be profitless.

The trial court refused a nonsuit, and this refusal, it is claimed, was error, because it is asserted the defendant was not the owner of the farm nor the duly authorized agent of the owner within the intent of the tenth section of the statute of frauds. It is said that this contention is not supported by any plea which interposes the statute as a bar to the action. Such plea was not necessary. The statute of frauds is a rule of substantive law, not of pleading; hence, when the plea of *non-assumpsit* requires the plaintiff to prove a contract enforceable at law, the defendant has the benefit of the statute without having specially pleaded it. A collection of authorities illustrative of the application of this doctrine in practice is presented in *Walker* v. *Hill's Executors,* 6 *C. E. Gr.* 191; *S. C., affirmed* in 7 *Id.* 513; *Wakeman* v. *Dodd,* 12 *Id.* 564.

But, in fact, the contention is met and answered by the provision of the testator's will, which confers upon his executor a complete power of sale of the real estate, excepting therefrom such portion as "my legatee, Mary Hanna, may desire to retain." This power served to vest the executor for all practical and legal purposes with power to contract for the sale of this real estate. 4 *Kent Com.* 336; *McKeigoe* v. *Chicago & N. W. Ry. Co.,* 130 *Wis.* 543; 10 *Am. & Eng. An. Cas.* 554; 2 *Wms. Ex.* 127.

The plaintiff was entitled to recover, as the learned trial

court charged, only upon proof, as a matter of fact, of performance of his contract, which involved the securing of a purchaser able and willing to purchase, and therefore the defendant's contention that the trial court was in error for refusing a motion to nonsuit, based upon the ground of non-performance by the plaintiff, is without substantial basis, since the question of performance or non-performance was a fact question for the jury.

The contention finally made in behalf of the defendant that he was prejudiced by the trial court's exclusion of the testimony of Mr. Salmon, an attorney, by whom it was intended to show that some time in the morning of the day upon which the plaintiff had sold the farm, and after the plaintiff had notified the defendant he had sold it according to the terms of the contract, he, Salmon, had been directed by defendant to draw a contract of sale to another purchaser procured by defendant himself. This testimony was clearly incompetent for the reason that the rights and liabilities of the parties to the contract became fixed and determined in law upon the receipt by defendant of the telephone message that morning informing him that the purchaser had been secured by the plaintiff upon the terms prescribed in the contract, and, therefore, testimony of any attempt by the defendant thereafter to sell the property on his own account was immaterial and irrelevant in this controversy.

The rule is well settled, and the learned trial court charged in conformity thereto, that the agent who procures a purchaser of real estate at the price stated and for a specified commission, is entitled to the commission, though the owner decline to sell. *Ryer* v. *Minningham,* 49 *Vroom* 742; *Feist* v. *Jeroleman, ante p.* 437; *Hinds* v. *Henry,* 7 *Vroom* 328.

The judgment should therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ. 14.

*For reversal*—None.