## TAYLOR v. CANADIAN COAL CO.

No. 1409.    Opinion Filed March 12, 1912.

(122 Pac. 163.)

1.   **FRAUDS, STATUTE OF**—Action for Price—Demurrer.  A petition alleging, in substance, that a certain car of "coal was sold and delivered to the defendant at the special instance and request of the defendant, and the same was received by the defendant and used by him and converted to his own use," the defendant thus being indebted to the plaintiff in the sum of $112, the agreed price, is good against a demurrer on the ground that said contract was verbal—the same, or a note or memorandum thereof, not being in writing, subscribed by the party to be charged, or by his agent.

2.   **APPEAL AND ERROR**—Action for Price—Evidence.  The evidence on the part of the defendant in error being that the car of coal was sold by its agent to and delivered to the plaintiff in error, in the sum for which judgment was rendered, not being contradicted, the judgment of the lower court will not be disturbed on review here.

(Syllabus by the Court.)

*Error from District Court, Custer County;*
*Walter S. Mills, Special Judge.*

Action by the Canadian Coal Company against Fred Taylor. Judgment for plaintiff, and defendant brings error. Affirmed.

*M. L. Holcombe,* for plaintiff in error.

*A. J. Welch,* for defendant in error.

WILLIAMS, J.  The defendant in error, as plaintiff, sued the plaintiff in error, as defendant, to recover the value of a certain car of coal, declaring in its petition in part as follows:

"That the defendant is justly indebted to it in the sum of $112, due on open account for 64,000 lbs. of Dawson lump coal, at $3.50 per ton, which coal was sold and delivered to the defendant at the special instance and request of the defendant and the same was received by defendant and used by him and converted to his own use."

The defendant interposed a demurrer to said petition, which was overruled. In this there was no error.

It is contended by the plaintiff in error that an agreement for the sale of goods at a price not less than $50, unless the buyer accept or receive part of such goods or chattels, is invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent; that, as it is not alleged that this contract was in writing, therefore the same does not constitute a cause of action. But the allegation is that the "coal was sold and delivered to the defendant at the special instance and request of the defendant, and the same was received by the defendant and used by him and converted to his own use." This pleading seems to bring the contract within the statute. Section 780, Wilson's Rev. & Ann. St. 1903; section 1089, Comp. Laws 1909.

The evidence on the part of the defendant in error was that the car of coal was sold by its agent and delivered to the plaintiff in error for $112. That is sufficient to sustain the finding of the court, the trial being had without the intervention of a jury, in favor of the defendant in error.

No question has been properly presented to this court as to the admission of incompetent evidence. Under rule 25 (20 Okla. xii, 95 Pac. viii), "where a party complains on account of the admission or rejection of testimony," he must set out in his brief "the full substance of the testimony, to the admission or rejection of which he objects, stating specifically his objection thereto." No objection to the admission of evidence has been so presented in this case.

The judgment of the lower court is affirmed.

All the Justices concur.