ALTOONA PORTLAND CEMENT CO. v. BURBANK et al.

No. 3045. Opinion Filed October 13, 1914.

(143 Pac. 845.)

1.  FRAUDS, STATUTE OF—Oral Acceptance of Order—Validity—Breach of Contract. An oral acceptance by a seller of a buyer's written order for goods at a price not less than $50 is invalid (although only as against such seller and to the limited extent that no demand can ordinarily be predicated upon its breach), under section 847, St. Okla. 1890 (section 941, Rev.

Laws 1910), which requires some note or memorandum of such contract in writing to be subscribed by the party charged (in the action), or his agent, to be valid.

2.    **SAME—Sale of Personalty—Pleading.** A buyer's bill of particulars against a seller demanding $50 or more as the detriment caused by the breach of the defendant's oral agreement to deliver goods ordered of him by the plaintiff does not state a cause of action by reason of section 847, St. Okla. 1890 (section 941, Rev. Laws 1910), making such agreement invalid only as against such seller and to the extent that no demand against him can ordinarily be predicated thereon.

3.    **SAME—General Denial.** A motion to direct a verdict for defendant raises the question of the validity of a contract under the statute of frauds (section 847, St. Okla. 1890; section 941, Rev. Laws 1910) when liability upon such contract is denied either by a general denial, a special denial of compliance with said statute, or a special affirmative plea of the statute.

4.    **SAME—Waiver of Statute—Presumption.** A failure to demur to a bill of particulars which appears on its face to predicate its demand upon a contract invalid in respect to such demand under the statute of frauds (section 847, St. Okla. 1890; section 941, Rev. Laws 1910) is not a waiver of defendant's right to avail himself of this statute.

5.    **APPEAL AND ERROR—Instructions—Pleading—Presumption —Justices of the Peace.** It will be presumed that the defendant's oral pleadings, in a case appealed from a justice of the peace to the county court, were sufficient to warrant the latter trial court's instructions to the jury.

(Syllabus by Thacker, C.)

*Error from County Court, Garfield County;*

*Winfield Scott, Judge.*

Action by C. J. Burbank and another against the Altoona Portland Cement Company for breach of an oral agreement. Judgment for plaintiffs, and defendant brings error. Reversed.

*Carl Kruse,* for plaintiff in error.

*H. Z. Wedgwood* and *E. L. Swigert,* for defendants in error.

Opinion by THACKER, C.   Plaintiff in error will be designated as defendant, and defendants in error as plaintiffs, in accord with their respective titles in the trial court.

The essential facts, when not stated, are necessarily presupposed by this opinion and will be so understood.

The defendant, as seller, is not bound by a merely oral acceptance of plaintiffs' order for 500 barrels of cement at $1.17 per

barrel, nor liable for damages for failure to deliver the same, as such a contract is invalid under section 847, St. Okla. 1890 (section 941, Rev. Laws 1910). *Wilkerson v. Patton Sash, Door & Building Co.*, 10 Ga. App. 697, 73 S. E. 1088; *Cable Co. v. Hancock*, 2 Ga. App. 73, 58 S. E. 319; *Foster v. New York & T. Land Co.*, 2 Tex. Civ. App. 505, 22 S. W. 260; *King v. Cheatham*, 104 S. W. 751, 31 Ky. Law Rep. 1176; *Wardell v. Williams*, 62 Mich. 50, 28 N. W. 796, 4 Am. St. Rep. 814; *Haydock v. Stow*, 40 N. Y. 363. Also, as establishing the converse or other phases of this proposition, see *Baker v. Haswell & Taylor*, 36 Okla. 429, 128 Pac. 1086; *Harris et ux. v. Arthur*, 36 Okla. 33, 127 Pac. 695; *Schechinger v. Gault et al.*, 35 Okla. 416, 130 Pac. 305; *Connelly Const. Co. v. Royce*, 35 Okla. 425, 130 Pac. 146; *Crabtree v. Eufaula Cotton Seed Oil Co.*, 32 Okla. 465, 122 Pac. 664; *Taylor v. Canadian Coal Co.*, 31 Okla. 601, 122 Pac. 163; *Cameron C. & M. Co. v. Universal Metal Co.*, 26 Okla. 615, 110 Pac. 720; *Tinkelpaugh Kimmet Hardware Co. v. Minneapolis Threshing Machine Co.*, 20 Okla. 17, 95 Pac. 427; *Love v. Kirkbride D. & O. Co.*, 37 Okla. 804, 129 Pac. 858.

The plaintiffs' bill of particulars, demanding $199.50 as, in effect, "the excess   *   *   *   of the value of the property to the buyer over the amount which would have been due to the seller under the contract if it had been fulfilled" (quoting section 2627, St. Okla. 1890; section 2860, Rev. Laws 1910) and disclosing that defendant had not directly nor by agent subscribed any note or memorandum of the contract in writing, as required by section 847 (section 941), cited *supra*, stated no cause of action. See cases cited *supra*.

Although our statute renders such contracts invalid only in the qualified sense stated in *Schechinger v. Gault et al.*, 35 Okla. 416, 130 Pac. 305, we think they are so far invalid, as held in *Jones v. Pettigrew*, 25 S. D. 432, 127 N. W. 538, under a statute in the same form and derived from the same source (the territory of Dakota), that it is unnecessary for defendant to specially plead the statute. Such contracts are not positively illegal in any

particular, but are negatively invalid, although only as against one who has not subscribed a note or memorandum thereof in writing and only to the limited extent that no enforceable demand against him can be predicated thereon in the absence of at least his tacit consent, as by waiver of that point, in the action or of an equitable estoppel to deny liability. And, where there is at least a general denial, as here, the court should, upon a motion therefor, as was made in this case, direct a verdict for the defendant.

Such a bill of particulars was subject to demurrer; but, even if there was a failure to demur, this would not constitute a waiver of the invalidating effect of the statute of frauds, as the contract itself is invalid in respect to plaintiffs' demand; and nothing less than the tacit consent of the defendant that it be treated as valid or its estoppel to deny its validity, as by failing both to demur and to deny its alleged valid effect or by some other act or omission implying such consent or showing such estoppel, could be regarded as precluding it from asserting its invalidity at any time prior to the final submission of the case to the jury. See *Jones v. Pettigrew, supra.*

There is a contrariety of views, however, upon the question of proper defensive pleadings in such cases, as will be seen from an examination of 20 Cyc. 312-314; *Owen v. Riddle,* 81 N. J. Law 546, 79 Atl. 886, Ann. Cas. 1912D, 45, with the extensive notes thereto.

Further, it will be presumed that defendant's pleadings (being oral) were sufficient to present the question of the validity of the contract under the statute of frauds as a partial and legally necessary explanation of the action of the trial court in submitting to the jury the question as to whether the contract was valid notwithstanding the statute of frauds, upon the ground that the amount involved was under $50 (which was contrary to all the evidence), or upon the ground that some note or memorandum of the contract in writing had been signed by the defendant or its agent (of which there was no evidence), although this does not explain why this question was so submitted in the absence of

any issue of fact made by the evidence in this regard. *Comstock v. Ward*, 22 Ill. 248; *Shelton v. Thompson*, 96 Mo. App. 327, 70 S. W. 256; *Jonap v. Preger*, 59 Misc. Rep. 187, 110 N. Y. Supp. 483; *Booker v. Heffner*, 95 App. Div. 84, 88 N. Y. Supp. 499.

For the reasons stated, this case should be reversed.

By the Court: It is so ordered.