CHARLES F. WINCH, Respondent, *v.* CHARLES M. WARNER, Appellant.

First Department, March 7, 1919.

Contract — agreement employing plaintiff to procure manufacturing plant for defendant — action for breach of contract — damages — failure to prove value of plaintiff's services — evidence of service performed not proof of value thereof — quantum meruit — new trial.

On the breach of a contract employing the plaintiff, a promoter, to procure for the defendant the control of or title to a manufacturing plant, the plaintiff to receive as compensation stock in a corporation to be organized to operate said plant, the plaintiff, having performed, is entitled to recover the reasonable value of his services where the defendant repudiated the contract and refused to deliver any stock as agreed. Even though the plaintiff and the defendant had been unable to agree upon the amount of the stock that would be adequate compensation and the contract was not sufficiently definite to enable the plaintiff to enforce it, the defendant having accepted the benefits of the plaintiff's services must pay therefor either under the agreement, or if that were repudiated, then on a *quantum meruit.*

In order to recover more than a nominal amount on a *quantum meruit* the plaintiff must give evidence of the value of his services and the jury cannot assess substantial damages on mere proof of the services rendered by the plaintiff and the amount the defendant paid for the stock of the corporation which he acquired.

But as the plaintiff may be able to prove the value of his services by witnesses familiar with the value thereof, a new trial will be granted.

APPEAL by the defendant,. Charles M. Warner, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of August, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 9th day of September, 1918, denying defendant's motion for a new trial made upon the minutes.

*Henry A. Rubino,* for the appellant.

*John T. McGovern,* for the respondent.

LAUGHLIN, J.:

This is an action at law to recover $50,000, alleged to be the reasonable value of services performed by plaintiff for defendant under an employment to enable defendant to acquire the control of or title to a plant capable of producing gasoline. It is alleged that it was agreed that if plaintiff should bring defendant and those in control of such a plant together, and defendant should acquire it, a corporation should be organized to take over the control of or title to the plant, and defendant would pay plaintiff, in stock of the company acquired or organized, the reasonable value of his services; that the plant the parties had in mind was one at Cairo, W. Va.; that he interviewed a representative of the plant authorized to negotiate a transfer of the control or title, and arranged a meeting between him and defendant, and afforded defendant an opportunity to take over the plant; that after a subsequent interview between said representative and defendant and plaintiff an agreement for a transfer of the plant to defendant was made, and at that time defendant agreed that plaintiff had performed the services required of him by defendant, and that nothing further was required of him, and that he had earned his right to compensation, and that when the corporation should be organized to take over the plant and the deal was consummated, he would be notified and would be paid by the transfer of part of the stock to be issued to the defendant; that the defendant thereafter, through said representative and his associates of the Cairo plant, and without plaintiff's knowledge, purchased the plant and turned it over to a corporation but did not notify plaintiff as agreed;

that plaintiff, on discovery thereof, demanded payment of his compensation in the stock of the company, which defendant refused, and that by reason of defendant's failure and refusal to perform the contract, plaintiff is entitled to recover the reasonable value of his services. The answer is, in effect, a general denial.

The plaintiff was a promoter. He had been engaged for nearly twenty-five years in connection with the organization and consolidation of gas, electric light, manufacturing and public utility corporations and oil and refinery companies. The Cairo plant, referred to in the complaint, was owned by the Cairo Refining Company, which was a corporation.

Part of the testimony of the plaintiff tends to support the allegations of the complaint in all respects, excepting as to the reasonable value of his services and shows that his employment by defendant was early in September, 1915; but a letter written by him is open to the construction that he expected to be paid not by defendant but by the owners of the plant. The testimony of the plaintiff was controverted by that of the defendant, which was corroborated by one McFarland, the assistant secretary of the Warner-Quinlan Asphalt Company, of which the defendant was the president, and their testimony tends to show that plaintiff came to defendant representing the Cairo plant, and acted solely for the owner thereof. The representative of the Cairo plant, whom plaintiff interviewed and introduced to defendant, was one McDowell, who was a director and stockholder thereof and assumed to represent it; but he was not authorized to negotiate a transfer of the control or title of the Cairo plant. The defendant, after his attention had been drawn to this plant by plaintiff, and after his interview with McDowell, sent an expert to examine and report on the plant, and through negotiations with Mr. Isom, the president of the company, purchased all of the stock for $40,000 in January or February, 1916. There is evidence tending to show that such purchase resulted from the negotiations opened by plaintiff and the information he and McDowell gave the defendant.

Assuming that the contract was made and performed by plaintiff, as the jury have found, the plaintiff would be entitled to recover the reasonable value of his services on

defendant's repudiation of the contract and refusal to deliver to him any stock as agreed, even though if the defendant had not so repudiated the contract, and he and the plaintiff had been unable to agree on the amount of the stock that would be adequate compensation, the contract was not sufficiently definite to enable him to enforce it; for the defendant having accepted the benefit of the plaintiff's services must pay therefor, either according to his agreement or, if he repudiated it or it be void or be unenforcible for indefiniteness, then, on *quantum meruit.* (*Bluemner* v. *Garvin,* 120 App. Div. 29; 124 id. 491; cited approvingly in *Varney* v. *Ditmars,* 217 N. Y. 223, 229, 232; *Morse* v. *Canasawacta Knitting Co.,* 154 App. Div. 351; affd., 214 N. Y. 695; *Hartwell* v. *Young,* 67 Hun, 472; *Booker* v. *Heffner,* 95 App. Div. 84; *Brown* v. *St. Paul, Minneapolis & Manitoba Ry. Co.,* 36 Minn. 236.)

The plaintiff, however, presented the case to the jury without any evidence with respect to the value of his services.

He testified that he claimed that they were worth $50,000, but that appeared by the complaint. It appears by his testimony that he arrived at that amount on some theory of capitalizing estimated earnings of the plant. He gave some testimony bearing on the value of such services, but it was either stricken out or the court ruled that it was incompetent; and the case was submitted to the jury to determine the reasonable value of his services, solely on the evidence with respect to the services rendered and the amount the defendant paid for the stock. The jury rendered a verdict for $2,000, which is five per cent of the purchase price of the stock, and doubtless that is the theory on which the verdict was rendered.

The learned counsel for the respondent argues that since the jury would not be bound by opinion evidence with respect to the value of the services, it must be that the jury are at liberty to determine the value thereof without evidence. That does not follow. The jury may be aided by opinion evidence and guided thereby, to a certain extent, even though they do not accept it as given; and it is well settled in this jurisdiction that there must be evidence of the value of services, other than that showing the nature and extent thereof, in order to authorize a recovery on *quantum meruit*

of more than a nominal amount therefor. (*Gill* v. *New York Cab Co.*, 48 Hun, 524; *Kleb* v. *Wallach*, 6 App. Div. 583; *Featherstone* v. *Fowler*, 174 id. 452; *Klein* v. *American Cigar Co.*, 108 id. 341; *Wyckoff* v. *Taylor*, 13 id. 240.)

The respondent relies on Sutherland on Damages (4th ed. § 680) in support of his contention that on proof of the facts with respect to the services rendered, the jury may, without other evidence, find the value of the services; but the views there expressed by the author are to the effect that generally, after opinion evidence as to the value of services has been received, the court or jury is not controlled thereby, and may determine the value of the services, giving such weight to the opinion evidence as it seems to merit. The only instance in which Sutherland asserts that the jury may determine the value of the services without any *evidence* other than the facts concerning the rendition of the services, is where the nature of the services is presumed to be within the knowledge of the jurors, as in the case of domestic services, and for that he cites *Hossler* v. *Trump* (62 Ohio St. 139); but he also cites as a ruling to the contrary *Wood* v. *Barker* (49 Mich. 295), where professional services were involved, and he states the general rule to be that if the nature of the services be such that it is not to be presumed that the value thereof would be common knowledge, and, there ore, possessed by the jurors, there should be such proof of the value as could be made in the circumstances of the particular case. (*Woodward* v. *Donnell*, 146 Mo. App. 119. See, also, to same effect, *Malrey* v. *Gravel Road Co.*, 92 Mo. App. 596; *Bradner* v. *Rockdale Powder Co.*, 115 id. 102.) The authorities upon which appellant relies are all in other jurisdictions, but the rule stated therein does not materially differ from ours which is as already stated.

It is quite clear that this case is susceptible of better evidence than was presented. It would seem that the plaintiff, from his long experience in promoting corporate enterprises, should be able to qualify as a witness to testify with respect to the value of these services; but if not, he should be able to show their value by witnesses familiar with the value of such services; or, if that be not possible, familar with the value of somewhat similar services, which would afford some guide to the

jury. (*Gall* v. *Gall*, 27 App. Div. 173; *Hart* v. *Maloney*, 101 id. 37.)

It follows that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.