ABRAHAM FREED, Appellant, *v.* HENRY TISHMAN, Respondent.

Supreme Court, Appellate Term, First Department, October Term — Filed December, 1922.

**Brokers — action for commissions in bringing about lease of real estate — when evidence does not establish liability of lessor as matter of law — evidence — conversations between broker and lessee improperly excluded.**

One W., who was desirous of buying out the business of F. and taking over his lease of a part of a building owned by defendant, was introduced to F. by plaintiff. F., who was willing to sell out to W., went to defendant to procure his consent to the assignment of the lease to W. and although defendant refused to give his consent thereto he stated that if W. would pay a considerably higher rent than F. had been paying he would lease directly to W. the space that had been occupied by F., he to surrender his unexpired term. Accordingly W. took from defendant a new lease at an increased rental, to commence *in præsenti*, but seemingly plaintiff took no part in the negotiations which culminated in such lease. In an action upon an oral complaint to recover commissions for services rendered as a broker the plaintiff testified that before the execution of the lease to W. and during the negotiations leading up to the making thereof, F. asked defendant to " take care of " the broker, plaintiff, and that defendant promised so to do. The language attributed to defendant and F. in respect of " taking care " of plaintiff, although vague and not altogether satisfactory, would sustain a finding that defendant promised to pay a commission to plaintiff. Although in plaintiff's bill of particulars the cause of action was so described as to permit a recovery either upon a promise to F. for plaintiff's benefit or upon a *quantum meruit* running against defendant directly for having introduced W. to defendant, the plaintiff's counsel throughout the trial insisted that if he could not make out a case within *Lawrence* v. *Fox*, 20 N. Y. 268, he could not recover in the present action. *Held*, that upon the record as it stood plaintiff had failed to show any debt owing to him from F. and the trial court fell into error in holding that a case had been established except as to damage.

Testimony as to conversation between F. and plaintiff offered in the latter's behalf for the purpose of showing that a valid obligation was incurred by F. to plaintiff should have been received, and as the failure of plaintiff to show any debt owing to him from F. may have resulted from the exclusion of testimony as to such conversations, to which plaintiff duly excepted, the judgment in favor of defendant entered upon a directed verdict will be reversed and a new trial ordered.

APPEAL by plaintiff from direction of verdict for defendant in the Municipal Court of the city of New York, borough of Manhattan, seventh district.

*David A. Gladstone,* for appellant.

*Petersen, Steiner & Kohan (Jerome Steiner,* of counsel), for respondent.

MULLAN, J. Feldman was in possession, under a lease, of part of a building owned by the defendant Tishman. Wiener, who

was introduced to Feldman by the plaintiff Freed, was desirous of buying Feldman's business and taking over his lease. Feldman, who was willing to sell out to Wiener, went to Tishman to procure his consent to assign the lease to Wiener. Tishman refused to give his consent, but stated that if Wiener would pay a considerably higher rent than Feldman had been paying, he would lease to Wiener, directly, the space that had been occupied by Feldman, Feldman to surrender his unexpired term. The transaction in that form went through, Feldman surrendering, and Wiener taking from Tishman a new lease, at an increased rental, to commence *in præsenti*. Freed seems to have taken no part in the negotiations that culminated in the form of transaction that the bargaining finally took. According to Freed's version before the lease to Wiener was executed by Tishman, and during the negotiations leading up to the making of that lease, Feldman asked Tishman to " take care of " the broker, Freed, and Tishman promised to do so. The language attributed to Tishman and Feldman in respect of " taking care " of Freed, is vague and not altogether satisfactory, but I think it would suffice to sustain a finding that Tishman promised to pay a commission — just what commission may, perhaps, be a matter of conjecture — to Freed.

Freed now, in the capacity of intended beneficiary of that promise by Tishman to Feldman, sues the alleged promisor, Tishman. The complaint was oral, and the statement of the cause of action was: " Commissions for services rendered as broker." In the bill of particulars the cause of action was so described as to permit of a recovery, either upon a promise to Feldman for the plaintiff's benefit (*Lawrence* v. *Fox*, 20 N. Y. 268), or upon a *quantum meruit*, running against defendant directly, for having introduced Wiener to the defendant. Upon the trial, however, plaintiff's counsel made no attempt to prove a case of brokerage under an employment by the defendant, but relied solely on his claim as a third person for whose benefit a valid promise had been made by the defendant to Feldman. He insisted, indeed, throughout the trial that if he could not make out a case under the principle of *Lawrence* v. *Fox, supra,* his client had no cause of action, or at least none that could be recovered upon in that suit.

At the close of the case the learned trial justice directed a verdict for the defendant upon the sole ground that, as no fixed sum, or basis for fixing a sum, had been agreed upon between Feldman and Freed for a commission, and as it could not be assumed that an agreement had been impliedly made with reference to the prevailing rates charged in the real estate business, for the reason that Freed was not so engaged, there was nothing in

the record upon which the jury could base a damage award. To support anything more than a nominal award there should have been, as the court held, some evidence tending to show the value of the services. *Winch* v. *Warner*, 186 App. Div. 710. It is unnecessary to consider what course we should adopt if a case for nominal damage had been made out, as we are of the opinion that the court fell into error in holding that a case had been established except in respect of the damage. In order to make out a case upon the theory of his selection, it was essential for the plaintiff to show not merely that Feldman wanted Tishman to pay a brokerage commission to Freed, but that Freed was entitled, as a matter of law, to receive from Feldman the sum of money for which Freed now sues — which sum, presumably, is either such a sum as would be the equivalent of a brokerage commission that Freed would have been entitled to receive from Tishman, had Tishman employed Freed, and had Freed been the procuring cause of the lease to Wiener, or else such a sum as Freed would have been entitled to receive from Feldman had Tishman consented to Feldman's proposed assignment of lease to Wiener. Had such a promise been made by Feldman to Freed, Freed would have had a good cause of action against Feldman, and, consequently, Feldman, liable to Freed upon an enforcible obligation, would have been such a person as can be the promisee under the rule of *Lawrence* v. *Fox, supra*, which requires that the promisee (except where there is an equitable duty owing by the promisee to the beneficiary) be under a valid legal obligation to the third person in whose interest he has compelled the making of the promise. *Vrooman* v. *Turner*, 69 N. Y. 280, 285; *Townsend* v. *Rackham*, 143 id. 516, and see Page Contracts (2d ed.), § 2397. Whether or not there is a tendency in this state toward the relinquishment, in cases where the promise is made solely for the benefit of the third person, of the requirement that there be a duty owing by the promisee to the third person (See *Seaver* v. *Ransom*, 224 N. Y. 233; Page Contracts (2d ed.), § 2397; Williston, 15 Harvard Law Review, 767, 781; Cardozo, The Nature of the Judicial Process, 99), I think there can be no doubt that in a purely derivative case, such as we have here, there is no sign of any such relaxation of the rule.

Upon the record as it stands, Freed has failed to show any debt owing to him from Feldman. That failure, however, may possibly have resulted from rulings made by the trial court, to which exception was duly taken, excluding conversations between Feldman and Freed, offered in the latter's behalf for the purpose of showing that a valid obligation was incurred by Feldman to Freed. That testimony should have been received, as it may have shown, and,

seemingly, it was the only way in which it could have been shown, that Feldman did incur toward Freed such an obligation.

BIJUR, J. (concurring).    I concur in the result, because it seems to me to be evident that there must be a new trial.

Plaintiff having sued defendant upon the theory approved in *Lawrence* v. *Fox*, namely, that defendant had promised to pay the obligation of Feldman to plaintiff, the relevant relations between plaintiff and defendant were the very essence of the transactions, and since this proof was excluded plaintiff is entitled to a new trial.

I think that there is an intimation in the opinion of Mr. Justice Mullan to the effect that plaintiff cannot recover unless the transaction was carried out in the precise way which Feldman had proposed to Freed when he employed the latter.    From so much of the evidence of the transaction as filtered through, notwithstanding the rulings of the learned trial judge, it appears as though Feldman had employed Freed to find a purchaser for his stock of goods and an assignee of the lease under which Feldman was a tenant and which had about a year and a half to run.    The purpose of this employment was manifestly to secure to Feldman a satisfactory purchase price for his business as then conducted, together with an assumption of his obligations under the lease. What was actually accomplished through Freed's efforts in finding the proposed purchaser was that Feldman received a satisfactory price for his business and instead of an assumption of his obligation under the lease he received a full discharge therefrom and a bonus in addition.    If, as appears from the record, this is what actually happened I think that the broker may be said to have more than performed the requirements of his employment.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY, J., concurs with BIJUR, J.

Judgment reversed.