EDWARD GILMAN, JR., Respondent, *v.* WESTCHESTER COUNTY SAVINGS BANK and SCARBOROUGH NURSERIES, INC., Appellants.

First Department, May 1, 1936.

*John J. Dillon* of counsel [*Alfred M. Bailey* with him on the brief; *Clark & Davis*, attorneys], for the appellants.

*Joseph A. Schiavone* of counsel [*W. Randolph Montgomery* with him on the brief; *Gregory, Stewart & Montgomery*, attorneys], for the respondent.

GLENNON, J. Plaintiff sued to recover for the reasonable value of services alleged to have been performed in procuring a purchaser " who would sell for the defendants all of the roses grown  *  *  * by defendant Scarborough Nurseries, Inc.," between August, 1934, and April, 1935. The jury rendered a verdict against both defendants in the sum of $1,500.

It is not disputed that the plaintiff introduced Morton Goldfarb, the president of M. Goldfarb — My Florist, Inc., to the president of the defendant bank. The contract of M. Goldfarb — My Florist, Inc., with the defendant Westchester County Savings Bank provided that the roses were to be delivered on consignment to it and the latter was to receive fifteen per cent commission on all sales made.

The plaintiff did not plead, nor did he prove any special agreement to pay a commission or any other fixed amount for the services he rendered. His testimony is to the effect that on the 16th day of August, 1934, he had a conversation with the president of defendant bank, during the course of which it was agreed he would receive thirty dollars per week for his services. He further testified that there was some discussion relative to the payment of a commission of ten per cent. There was, however, no definite arrangement and this appears conclusively in plaintiff's own testimony as follows: " Q. Let me ask you, what are you suing here for, fair and reasonable compensation on the theory that you want to get what your services were worth, or are you suing on the basis of an agreement to pay you 10 per cent? Now which is it; do you know? A. Well, there was no definite agreement to pay me 10 per cent. Therefore I am suing for fair and reasonable compensation. Q. So there never was any agreement to pay you 10 per cent, was there? A. No definite agreement."

The plaintiff failed to offer any proof which might sustain a finding in his favor for the reasonable value of the services rendered in introducing or even indirectly bringing about the sale by defendants of the roses. The jury, therefore, was left in the dark on the question of the value of the type of services plaintiff rendered. In arriving at its verdict it necessarily must have entered into the field of speculation in order to bring about a substantial recovery in favor of the plaintiff.

" It is well settled in this jurisdiction that there must be evidence of the value of services, other than that showing the nature and extent thereof, in order to authorize a recovery on *quantum meruit* of more than a nominal amount therefor." (*Winch* v. *Warner*, 186 App. Div. 710.)

It may well be upon a new trial the plaintiff will be in a position to offer the necessary proof.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., McAVOY and UNTERMYER, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.