## CRABTREE v. EUFAULA COTTON SEED OIL CO.

No. 1699. Opinion Filed March 19, 1912.

(122 Pac. 664.)

1. **FRAUDS, STATUTE OF—Sales—Validity of Contract.** A verbal contract for the sale of 50 tons of cotton seed meal at $24.50 per ton, and 360 tons of cotton seed hulls at $5.50 per ton, to be delivered in the future, where no part of the consideration is paid, and no part of the goods are delivered, is within the statute of frauds (Comp. Laws 1909, sec. 1089), is invalid, and cannot be enforced by either party; nor can a claim for damages be predicated on a breach thereof.

2. **SAME—Pleading—Demurrer.** Where it clearly appears on the face of the petition that the contract sued on, or for a breach of which damages are claimed, is within the statute of frauds (section 1089, Comp. Laws 1909), and nothing is alleged removing the statute bar, held, the defect may be taken advantage of by demurrer.

(Syllabus by Brewer, C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Action by J. C. Crabtree against the Eufaula Cotton Seed Oil Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*C. H. Tully* and *J. Carter Cook,* for plaintiff in error.

*Collier, Turner & Turner,* for defendant in error.

Opinion by BREWER, C. This is a suit for damages for the alleged breach of an oral contract of sale of 50 tons of cotton seed meal and 360 tons of cotton seed hulls. J. C. Crabtree, plaintiff in error, was plaintiff below, and Eufaula Cotton Oil Company, defendant in error, was defendant. They will hereafter be referred to as they were known in the trial court.

This suit was commenced on the 1st day of December, 1909, in the district court of McIntosh county. A demurrer to the amended petition was filed, and upon presentation was sustained by the court, from which order this appeal is prosecuted.

The petition in this case is lengthy, and is composed of numerous paragraphs, but we have read it with care, and, when boiled down, the material allegations present the following state of facts as the basis of the action: The plaintiff avers that on September 1, 1909, he entered into a verbal contract with the defendant for the purchase of 50 tons of cotton seed meal at $24.50 per ton and 360 tons of cotton seed hulls at $5.50 per ton; that it was agreed that the delivery of the same should commence on the 15th day of November thereafter, and that they were to be paid for on delivery; that thereafter, when the time for delivery came, the plaintiff demanded the goods, but that the defendant failed and refused to deliver any part of same; that plaintiff was ready, willing, able, and anxious to pay for the goods according to his contract. The plaintiff further alleges that, when the time for delivery arrived, the goods had advanced in value, the meal to $30 per ton and the hulls to $10 per ton, and that the reason defendant did not deliver them was because of such advance in price. The plaintiff alleges that because of the failure of defendant to perform its contract he has been damaged the difference between what he agreed to pay for the

goods and the market price of the same at the date they should have been delivered and were not; the said damage being $1,885. The prayer of the petition is for said damages so suffered.

There are several other allegations, among them being an allegation of the purposes for which plaintiff purchased the goods; that he expected to feed them to cattle, and that in relying upon the contract he had borrowed a large sum of money and invested it in cattle, and that, because of the failure to deliver the goods, he could not keep his contract with other parties, and could not prepare the cattle for the market, but was compelled to rough them through the winter; and that he had at some other times made verbal contracts with defendant which had been performed, etc., but in our judgment none of these allegations are material, or lend any aid to the cause of action as stated above.

The petition in error presents fifteen specific assignments of error, and they have been treated in the brief under three heads, and, as we view the case, they all resolve themselves into the one question, i. e., did the petition state facts sufficient to state a cause of action when challenged by a general demurrer? The theory of the court in sustaining the demurrer was that the petition upon its face showed that the alleged contract was void, because in violation of the statute of frauds, which reads as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof be in writing and subscribed by the party, to be charged, or by his agent; * * * any agreement for the sale of goods, * * * at a price not less than $50,00, unless the buyer accept or receive part of such goods and chattels, * * * or pay at the same time some part of the purchase money * * *" (Comp. Laws 1909, sec. 1089.)

If we have correctly construed the petition in this case, the contract as alleged being verbal, and without any allegation, such as part payment or part delivery, to take it out of the statute, it falls squarely within the provisions of the law above quoted. This being true, it was void and could not be enforced, nor

could damages be recovered for its breach. *Grant et al. v. Milam,* 20 Okla. 672, 95 Pac. 424, and authorities there cited.

In *Grant et al. v. Wilson, supra,* in the course of the opinion, it is said:

"The contract, being, then, within the statute of frauds, could not have been enforced by the plaintiff or the defendant, nor could any damages or obligations have been predicated upon its breach by either of the parties," etc.

However, the plaintiff in a very able brief undertakes to show, and argues, that this case falls under the rule where oral contracts are made for the manufacture of articles involving skill and labor combined with material, thus taking it out of the statute, and he cites a number of leading cases on this proposition; but none of them are in point, for the reason that there is no allegation in the petition upon which to predicate, or which would justify, the argument.

The plaintiff also argues the question of estoppel based upon the claim that by making the verbal contract plaintiff had been induced, relying upon it, to make other contracts relative to the feeding of cattle, which he was compelled to breach, because of defendant's failure to perform. Also, that, defendant having theretofore performed similar contracts, it had thereby lost the protection of the law. We do not think this question of estoppel needs extended consideration. This law arose in England, out of the necessity of commerce. It has been ingrafted into the law of almost all of the states of this Union, and the wisdom of its passage has been seldom challenged by the courts of this country. It imposes no harsh burden upon contracting parties. How easy it would have been in this case to have paid part of the consideration, or to have had a brief memorandum in writing.

The plaintiff, however, contends here that the statute of frauds cannot be availed of by demurrer; and presents authorities, more or less in point, to sustain his argument. But with this contention we cannot agree. Indeed, the question has been concluded in this court by the decision in *Tinkelpaugh-Kimmel Hdw. Co. v. Minn. Threshing Mch. Co.,* 20 Okla. 187, 95 Pac.

427, wherein a demurrer filed in the trial court to the petition was sustained, because the petition showed upon its face that the contract sued on was within the statute of frauds. On appeal to this court, the case was affirmed. But counsel for plaintiff seem to think that .this case is not controlling. because of its dissimilarity with the one at bar; and, while we are inclined to think it is controlling, yet we will notice a few of the authorities on the question. In 9 Ency. of Pleading & Practice, at page 704 of the text, it is said:

"Whenever it appears from the face of the declaration, bill, or complaint that the agreement sued upon is within the statute of frauds, and fails to comply with the requirements thereof, the proper mode of taking advantage of the defect is by demurrer" —citing cases from Alabama, California, Illinois, Indiana, Iowa, Kentucky, Massachusetts, Mississippi, New York, Ohio, Tennessee, United States Supreme Court, and England.

The same rule is announced in the text (20 Cyc. p. 312), wherein it is said:

"When it is apparent on the face of plaintiff's pleading that the contract is oral, and nothing taking the question out of the statute is alleged, defendant may demur" —citing to sustain the text authorities from 26 states, as well as from the Supreme Court of the United States and English courts.

We have examined a number of the authorities cited and find them in point, but do not consider it necessary to set out specifically the cases here.

For the reasons given, we have no doubt of the correctness of the action of the court in sustaining the demurrer to the petition, and therefore the cause should be affirmed.

By the Court: It is so ordered.