## BARNSDALL STATE BANK v. DYKES.

District Court, N. D. Oklahoma.  June 2, 1928.

No. 223.

1. **Frauds, statute of ⬩84—Alleged oral contract for sale and discount of notes of aggregate value of $10,000 held void (Comp. St. Okl. 1921, § 5034, par. 4).**

Under Comp. St. Okl. 1921, § 5034, par. 4, alleged oral contract for sale and discount of notes of aggregate value of $10,000 *held* void, where no part of notes were delivered and no part of consideration for sale and discount of notes was paid.

2. **Equity ⬩362—Frauds, statute of ⬩150(3)—Where bill shows on face that contract sued on is within Statute of Frauds, defect may be taken advantage of by demurrer or motion to dismiss (Comp. St. Okl. 1921, § 5034, par. 4).**

Where it clearly appears on face of bill that contract sued on is within Statute of Frauds, Comp. St. Okl. 1921, § 5034, par. 4, and nothing is alleged removing contract from operation of statute, defect may be taken advantage of by demurrer or motion to dismiss.

3. **Frauds, statute of ⬩95(1)—Payment of checks drawn on bank constituted no payment of part of consideration taking oral contract to sell and discount notes out of statute (Statutes of Frauds, Comp. St. Okl. 1921, §§ 5034, par. 4, 7859).**

Payment by complainant of checks drawn on bank constituted no payment of any part of alleged consideration to bank making alleged oral contract for sale and discount of notes valued at $10,000, and such payment did not take transaction out of operation of Statute of Frauds, Comp. St. Okl. 1921, § 5034, par. 4, since bank received nothing and its assets were not increased by transaction; check not of itself operating as assignment under section 7859.

4. **Pledges ⬩11—Pledge Is Invalid unless property is delivered to pledgee.**

Pledge is invalid unless the property is delivered to the pledgee.

5. **Banks and banking ⬩80(4)—Claim for breach of bank's agreement to sell and discount notes held not preferred.**

Complainant bank, claiming that N. bank had made oral contract for sale and discount of notes, *held* not entitled to enforce preferred claim against assets in custody of receiver of N. bank, which was insolvent, where N. bank had retained possession of notes.

6. **Equity ⬩57—Where debtor bank retained possession of notes, equity will not require transfer of title to notes by bank receiver in accordance with parties' intention to injury of third parties.**

Where debtor bank remained in possession of notes, equity will not exercise its power to require that to be done which parties intended should be done under contract to sell and discount notes, by transferring title to notes by receiver of bank, after it became insolvent, to injury of third parties.

In Equity. Action for specific performance of a contract for sale of personalty by the Barnsdall State Bank of Barnsdall, Okl., against John H. Dykes, receiver of the First National Bank of Barnsdall, Okl. On motion to dismiss. Motion sustained.

A. M. Widdows, Frank T. McCoy, and John T. Craig, all of Pawhuska, Okl., for complainant.

Robert B. Keenan, of Tulsa, Okl., for defendant.

KENNAMER, District Judge. The complainant brings this action to enforce specific performance of an alleged oral contract entered into on the 4th day of June, 1926, between the complainant bank and the First National Bank of Barnsdall to sell and discount ten promissory notes, the assets of the First National Bank. The bill avers that A. E. Cox, assistant cashier and in active charge and management of the First National Bank of Barnsdall, called upon complainant's cashier and agreed to sell and rediscount the ten promissory notes of approximately the value of $10,000; that the complainant was to retain sufficient amount of the same to be due from complainant to the said First National Bank to cover any difference in complainant's favor between said banks on the clearings of the day's business; complainant relying upon the agreement of the First National Bank to indemnify complainant on said day honored and paid checks presented to it and drawn on the First National Bank in the sum of $4,329.12 over and above the aggregate amount of checks

drawn upon complainant and cashed during the day by said First National Bank, as disclosed by the clearings for said day between the banks; that complainant is able to rediscount said notes in accordance with the agreement and pay the difference between the aggregate amount thereof and the difference in complainant's favor on said day's clearings; that on the 5th day of June, the day following the agreement, the First National Bank of Barnsdall failed to open for business, and the defendant herein was thereafter appointed receiver, and has refused and neglected to deliver to complainant the notes agreed to be delivered in accordance with the terms of the agreement to rediscount said notes. The First National Bank is insolvent, and, unless the defendant be required by the court to deliver the notes to the complainant in accordance with the terms of the agreement, the complainant will suffer irreparable loss, injury and damage.

The defendant has filed a motion to dismiss upon the grounds the bill of complainant does not state sufficient facts to entitle the complainant to any relief, that there is no equity stated in the bill, and that complainant has a speedy and adequate remedy at law.

[1, 2] I am clearly of the opinion that the motion to dismiss complainant's bill should be sustained. Paragraph 4 of section 5034, Compiled Oklahoma Statutes 1921, provides: "An agreement for the sale of goods, chattels, or things in action, at a price not less than $50.00, unless the buyer accept or receive part of such goods and chattels, or the evidences or some of them, of such things in action, or pay at the same time some part of the purchase money," is invalid. It appears from the allegations of the bill that the alleged contract for the sale and discount of the notes of the aggregate value of $10,000 was oral. No part of the notes were delivered, nor was any part of the consideration for the sale and discount of the notes paid. This being true, the contract was void. Where it clearly appears on the face of the bill that the contract sued on is within the statute of frauds, and nothing is alleged removing the contract from the operation of the statute, the defect may be taken advantage of by a demurrer or motion to dismiss. Crabtree v. Eufaula Cotton Seed Oil Co., 32 Okl. 465, 122 P. 664; Grant et al. v. Milam, 20 Okl. 672, 95 P. 424.

[3] In the case of Horton v. Stegmyer et al. (C. C. A.) 175 F. 756, at page 761, 20 Ann. Cas. 1134, Judge Sanborn, delivering the opinion of the court, in answering the

contention made that the objection to the contract being void under the statute of frauds may not be presented by demurrer, said: "But the rule is that this objection may be presented when the fact that the agreement was made by parol affirmatively appears on the face of the bill, as it does in the case in hand, although when that fact does not appear the objection must be raised by answer"—citing Randall v. Howard, 2 Black (67 U. S.) 585, 17 L. Ed. 269. There is no allegation in the complainant's bill of any fact removing the contract pleaded from the operation of the statute of frauds. The most that is pleaded is that the complainant paid certain checks drawn on the First National Bank of Barnsdall. Section 7859, Compiled Oklahoma Statutes 1921, provides: "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check." Conceding that the complainant paid certain checks drawn on the First National Bank of Barnsdall, this constituted no payment of any part of the alleged consideration to the First National Bank of Barnsdall, as said bank received nothing, nor were its assets in any way increased by the transaction. It may be observed here that the complainant would have recourse upon the payees of such checks who cashed the same at its bank.

[4-6] It has been argued by counsel that the transaction pleaded in the bill in effect is nothing more than an attempted pledge of the notes as security to the complainant for its claim against the receiver; that the pledge is not valid until the property is delivered to the pledgee; fraud is imputed to the transaction unless the possession of the property is turned over to the pledgee. It is well settled that the pledge is invalid unless the property is delivered to the pledgee. However, the complainant's bill does not plead a pledge, but sets forth a contract for the sale and discount of the notes. The reasonable inference to be drawn from the allegations of the bill disclose that complainant has not alleged sufficient facts entitling it to equitable relief. It is clear, from a consideration of the authorities, it would be inequitable to permit the complainant here to enforce a preferred claim against the assets in the custody of the defendant. The reason for the rule is that the law imputes fraud to such transactions. Casey v. Cavaroc, 96 U. S. 467, 24 L. Ed. 779; Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 691. This for the reason the en-

forcement of the demand of the complainant, bottomed upon an oral contract rendered invalid by the applicable provisions of the statute of frauds, would afford the complainant the opportunity of subjecting the best assets of the failed bank to the payment of its claim to the detriment of other creditors. The absence of possession of the notes by the complainant raises a strong presumption of fraud, and the rule requiring the delivery and possession of the subject of such transactions is to prevent fraud and deception, for, where the debtor remains in possession, equity will not exercise its power to require that to be done what the parties intended should be done, a transfer of the title of the subject of the contract, to the injury of third parties.

The motion to dismiss is sustained.