FRY v. PENN MUTUAL LIFE INS. CO. et al.

No. 31787.   June 5, 1945.

*159 P. 2d 550.*

Norman Barker, of Tulsa, for plaintiff in error.

R. A. Kleinschmidt and Coakley, McDermott & Gable, all of Tulsa, for defendants in error.

DAVISON, J.  This cause is presented on appeal from a decision of the district court of Tulsa county. The trial judge sustained demurrers to the petition of the plaintiff and entered its order dismissing plaintiff's action with prejudice.

The plaintiff has appealed and appears before this court as plaintiff in error. Our continued reference to the parties will be by their trial court designation.

In plaintiff's amended petition it is asserted that the defendant Penn Mutual Life Insurance Company, a foreign corporation domesticated in Oklahoma, was and is the owner of a tract of land in Tulsa, Okla., 80 feet wide and 100 feet long. That said Penn Mutual Life Insurance Company, through its real estate brokers, Charles Deal and Mell Lewis, offered to sell said real estate for the sum of $25,000. That said real estate brokers contacted the plaintiff, who, at their suggestion and request, signed an "offer to purchase" said property for the sum of $25,000, payable $5,000 in cash and $20,000 to be paid in 120 consecutive monthly installments of $207.28 each.

It was also alleged in plaintiff's amended petition that plaintiff gave to G. H. Galbreath Company, as agent for the Penn Mutual Life Insurance Company, his check for $250, as good faith money to bind the transaction; that said check was cashed and deducted from plaintiff's bank account. It was likewise alleged that arrangements had been made by the defendant insurance com-

pany to pay Charles Deal and Mell Lewis their brokerage commission for selling the property to plaintiff. It is also alleged in the amended petition that the Penn Mutual Life Insurance Company, through its agent, G. H. Galbreath, orally accepted plaintiff's offer to purchase the property.

Upon these facts the plaintiff in the prayer of his petition sought to compel the defendants to convey the property to him by warranty deed or to procure a conveyance of the property by and through the sheriff of Tulsa county, Okla.

Each of the defendants presented a separate demurrer to the plaintiff's petition on the theory that the same did not state facts sufficient to constitute a cause of action in favor of the plaintiff.

On March 16, 1944, the trial court entered its order sustaining each and all of the demurrers and entered the order dismissing plaintiff's action with prejudice.

The defendants, in support of the order and decision of the trial court, call our attention to 15 O.S. 1941 § 136, subd. 5, which reads:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent:

"5. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

This court has held that the words "party to be charged," as used in the foregoing statute, may refer to the vendor, which in this case is the Penn Mutual Life Insurance Company. Jennings v. New York Petroleum Royalty Corporation, 169 Okla. 528, 43 P. 2d 762; House v. Boylan, 186 Okla. 124, 96 P. 2d 532.

We have also held that the statute of frauds (sec. 136, supra) may be raised by a general demurrer to plaintiff's petition. Barnsdall State Bank v. Dykes, 26 F. 2d 696; Crabtree v. Eufaula Cotton Seed Oil Co., 32 Okla. 465, 122 P. 664; Mason Motors Spirit Distributing Co. v. Cosden, 105 Okla. 244, 231 P. 890.

In Johnston v. Baldock, 83 Okla. 285, 201 P. 654, we pointed out that part payment of the purchase price was not in itself sufficient to satisfy the requirements of the statute, sec. 136, supra. See, also, Levy v. Yarbrough, 41 Okla. 16, 136 P. 1120; Halsell v. Renfrow, 14 Okla. 674, 78 P. 118; and Bahnsen v. Walker, 89 Okla. 143, 214 P. 732.

In the case at bar the only instrument alleged to have been executed was an "offer to purchase" executed by plaintiff. No instrument was alleged to have been signed or executed by the Penn Mutual Life Insurance Company authorizing G. H. Galbreath or Deal and Lewis to sell said property. Such an allegation was necessary. 15 O.S. 1941 § 136, subd. 5; Jennings v. New York Petroleum Royalty Corp., supra; House v. Boylan, supra. The only performance of the alleged contract was the payment by plaintiff of $250. Plaintiff did not plead that he took possession of the property.

Insofar as the action is directed at Mr. G. H. Galbreath, who acted as the agent of the Penn Mutual Life Insurance Company, we think the action of the trial court in sustaining the demurrer as to him must be approved under the rule stated in 58 C.J. 1140, sec. 454, wherein it is said:

"Where a person acts merely as agent for one of the parties to the transaction out of which the suit for specific performance arose, the principal is the necessary and proper party to the suit, and the agent ordinarily is not a necessary or proper party thereto, even though he is a party to the contract."

See, also, in this connection, Riedell v. Stuart, 151 Okla. 266, 2 P. 2d 929;

Osenbaugh v. Virgin & Morse Lbr. Co., 173 Okla. 110, 46 P. 2d 952.

In presenting this cause on appeal the plaintiff, as plaintiff in error, complains of the order of the trial court dismissing his action with prejudice. He claims that the order made should have been without prejudice to another action involving the same controversy. Plaintiff invokes as applicable 12 O.S. 1941 § 683.

Plaintiff's complaint on this point is without sound legal foundation. In City of El Reno v. Cleveland-Trinidad Paving Co., 25 Okla. 648, 107 P. 163, we declared in paragraph 2 of the syllabus:

"A judgment rendered upon a demurrer to 'a petition or complaint between the same parties and on the same facts pleaded in a subsequent action is final and conclusive until reversed on appeal, and is a bar to any subsequent action based thereon."

See, also, Goldsborough v. Hewitt, 23 Okla. 66, 99 P. 907; Davis v. Bolon, 74 Okla. 168, 177 P. 903; Davis v. Janeway, 55 Okla. 725, 155 P. 241; Pettis v. McLain, 21 Okla. 521, 98 P. 927; Corrugated Culvert Co. v. Simpson Tp., McIntosh County, 51 Okla. 178, 151 P. 854; Staples v. Jenkins, 178 Okla. 186, 62 P. 2d 504; Baker v. Leavitt, 54 Okla. 70, 153 P. 1099; Ford Motor Co. v. State, 178 Okla. 198, 62 P. 2d 48; Annotation 13 A.L.R. 1104.

Many of the foregoing cases describe the demurrer as a general demurrer; however, Corrugated Culvert Co. v. Simpson Tp., McIntosh Co., supra, states the following rules in the syllabus:

"A judgment or decree rendered on demurrer to a material pleading on the ground that the facts therein stated are insufficient in law is as conclusive of the matters and things confessed by the demurrer as a verdict finding the same facts to be true; and such a judgment or decree, unappealed from, becomes a final judgment or decree upon the merits.

"Where a party brings an action upon an indebtedness for goods and material furnished, and a general demurrer on the grounds that the petition does not state a cause of action is sustained, and judgment entered thereon becomes final, it is res adjudicata in an action upon a warrant issued by the township; the consideration for said warrant being the indebtedness sued on in the first action."

We therefore conclude that when a demurrer to a petition is filed on the ground that the petition does not state facts sufficient to state a cause of action and is sustained by the trial court, the determination of the trial court constitutes a final disposition of the cause.

In the case at bar the plaintiff asked leave to amend his petition, but in presenting the cause to this court on appeal has failed to urge error on the part of the trial court in failing to grant such leave. Under that circumstance the error of the trial court, if any, in refusing to grant permission to amend is deemed to have been waived and the plaintiff stands before this court as one who elected to stand on his petition.

Under this state of the record the trial court's order dismissing the action with prejudice was a proper order sustained by the authorities in this jurisdiction.

Order of the trial court sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.