**William B. SHULTZ, Plaintiff,**

v.

**COMMERCIAL STANDARD INSURANCE COMPANY and Daryl Sorrels, doing business as Pool Insurance Agency, Defendants.**

**Civ. No. 69–52.**

United States District Court
W. D. Oklahoma.
March 13, 1969.

---

Rex K. Travis, of Duvall, Head, McKinney & Travis, C. J. Watts, of Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Plaintiff initiated this action in the Texas County, Oklahoma District Court against the Defendants Commercial Standard Insurance Company (Commercial) and Daryl Sorrels, suing on a policy of insurance issued by Commercial through its agent Sorrels to Plaintiff, for declaratory judgment of Plaintiff's rights under the policy. It appears that Plaintiff was involved in an accident and was sued by persons injured thereby. The insurance policy contains an exclusion clause which excepts from coverage damages arising from accidents where the insured is towing a trailer not covered by insurance similar to the insurance provided by the policy. Commercial contends that it is not liable on the policy as Plaintiff's accident occurred while he was towing a trailer not covered by similar insurance, and Plaintiff contends that the trailer he was towing was covered by Commercial's policy, and thus that the exclusion clause does not apply.

The case is here on Commercial's removal petition, in which Sorrels did not join. Inasmuch as Sorrels is a citizen of Oklahoma as is the Plaintiff, Commercial alleges that the joinder of its agent Sorrels is fraudulent and his presence in the case in state court does not defeat removal. Plaintiff claims to have stated a joint and several cause of action against both Defendants, who are indispensable parties, that such cause of action is not a separable controversy, and thus that removal is improper.

It is not necessary to treat with the "separable controversy" claim of Plaintiff, as it appears that Plaintiff has not stated a cause of action against Sorrels. Plaintiff's claim is stated against both Defendants as if both were insurers.

LaMar, Tryon, Sweet, Hensley & Field, Guymon, Okl., for plaintiff.

He alleges that the Defendants had a duty to defend Plaintiff against certain actions and to pay losses which might arise therefrom. Plaintiff also alleges that Sorrels is the agent of Commercial, and so acted in the issuance of the policy.

 As a general proposition of the Oklahoma law of principal and agent, ordinarily an agent is not personally bound on contracts made for a disclosed principal.

"* * * if a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone, unless credit has been given expressly and exclusively to the agent, and it appears that it was clearly his intention to assume the obligation as a personal liability and that he has been informed that credit has been extended to him alone." Moran v. Loeffler-Greene Supply Co., 316 P.2d 132 (Okl. 1957), at p. 137.

Plaintiff's state court petition does not make any of these averments and further unqualifiedly describes Sorrels as the agent of Commercial. Under the authority of the cited case as well as that of Glens Falls Ins. Co. v. Johnson, 403 P.2d 229 (Okl.1965), it is clear that Plaintiff's state court petition would be subject to dismissal in that court as to the Defendant Sorrels at the time it was removed to this Court. See also, Fry v. Penn Mut. Life Ins. Co., 195 Okl. 507, 159 P.2d 550 (1945). Removal jurisdiction is determined as of the time the state court action is commenced. 1 Barron and Holtzoff, Federal Practice and Procedure (Wright Ed.) § 103, p. 472. As the case stood when Plaintiff filed it in the Texas County, Oklahoma District Court, he had not pleaded a cause of action against the non-diverse Defendant insurance agent.

 Plaintiff further objects to the removal petition because Sorrels did not join therein. This contention is without merit. In a fraudulent joinder situation it is not necessary that the one fraudulently joined seek removal. Lobato v. Pay Less Drug Stores, 261 F.2d 406 (Tenth Cir.1958).

The Motion to Remand is denied.