**Lyle E. McAFEE, Plaintiff,**

v.

**PHILLIPS PETROLEUM COMPANY, a Corporation, Defendant.**

**No. 1716.**

United States District Court

D. Montana,

Helena Division.

June 17, 1969.

---

\* Since I find the book not obscene I do not consider Petitioner's numerous other contentions.

**652**

John V. Potter, Jr., White Sulphur Springs, Mont., Patrick F. Hooks, Townsend, Mont., for plaintiff.

Jack L. Lewis, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

For the reasons stated plaintiff's motion to remand is granted.

Plaintiff, a Montana citizen, the employee of Castle Mountain Livestock Company, alleges that he was injured by breathing ammonium nitrate fertilizer which had spilled from a broken sack. Plaintiff's employer had ordered the fertilizer from Teslow, Incorporated, (Teslow) of Bozeman, a Montana corporation. Teslow had purchased the fertilizer from Phillips Petroleum Company (Phillips), a Delaware corporation, the manufacturer. The fertilizer was delivered in a truck owned by Milwaukee Motor Transport and driven by Myron F. Papke, its employee. The sack of fertilizer was broken while unloading. Plaintiff was directed by Papke (named Doe in the complaint) to sweep up the spilled fertilizer and put it in an empty sack furnished by Papke. Plaintiff receipted for the fertilizer on an instrument showing Teslow as the consignee and Phillips as the shipper. Plaintiff later advised his lawyers that Teslow had delivered the fertilizer.

The complaint, in two counts, negligence and breach of warranty, was filed in the District Court of Meagher County, naming Teslow and Phillips as defendants. Teslow, by answer, denied that it had delivered the fertilizer and that Papke was its agent. When Papke's deposition was taken it became clear that Papke was employed by Milwaukee Transport Company. Teslow made a motion for summary judgment and filed a brief in support of it. The motion was denied. At the pre-trial conference Teslow's motion for summary judgment was renewed. Plaintiff was granted time to file a brief; none was filed and the motion for summary judgment was granted, leaving Phillips as the sole defendant. A timely petition for removal was then filed by Phillips. Phillips urges that the removal is proper because the dismissal as to Teslow, the party whose citizenship prevented a diversity, was voluntary, and, in any event, Teslow was fraudulently joined.

▉▉ If the case as filed was non-removable it remains so, unless the removability was brought about by the voluntary act of the plaintiff, and that fact appears from the record in the state court, or unless there was a fraudulent joinder. Lauf v. Nelson, 246 F.Supp. 307 (D.C.Mont.1965). In this case the record shows that the plaintiff did not file a brief opposing the motion for summary judgment, and did not file a brief when the motion for summary judgment was renewed. The state court record does not show that the plaintiff requested or consented to the summary judg-

ment. From the record it may be inferred that plaintiff did not struggle much, but it cannot be said that there was a consent. The Court does not apprehend that lack of resistance in a case of this sort is equated with consent in the same way that it is in a rape case.

On the issue of fraudulent joinder neither the petition for removal nor the affidavit filed in support thereof allege that Teslow was joined for the purpose of preventing a removal. It does appear that the plaintiff was mistaken as to the employer of Papke, and that his lawyers were likewise mistaken. From the record the Court cannot conclude that there was no justification for the mistake. The document receipted by the plaintiff did bear Teslow's name, and the fertilizer was ordered from Teslow. The Court does conclude that a modicum of effort would have revealed the true fact, but the record is not such that the Court would not infer from all of the facts here that the purpose of joining Teslow was to frustrate the removal.

There is language in some of the cases which seems to say that there may be a fraudulent joinder as a matter of law in cases similar to this. Thus, in Polito v. Molasky, 123 F.2d 258, (8 Cir. 1941), it was said:

"* * * It appeared also that plaintiff joined them as defendants through a mistake of fact which might by the exercise of diligence have been discovered. The joinder was so baseless that it was fraudulent as a matter of law."

See Tinney v. McClain, 76 F.Supp. 694 (N.D.Tex.1948).

█ If these cases go so far as to hold that fraud follows a joinder which some degree of diligence would have shown to be improper, without regard to any intent to defeat a removal, this Court does not follow them. The Ninth Circuit has not so held and the Court believes that the essence of the holding in Wecker v. National Enameling and Stamping Company, 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907), is that the right to remove may not be defeated by fraudulent join-

ders and, under some circumstances, the law permits a court to infer as a fact a fraudulent purpose from a lack of diligence.

Each party will pay its own costs.