**Alex CANOVA and the United States Fidelity and Guaranty Company (Intervenor)**

v.

**C.R.C., INC. OF LA. and Dresser Industries, Inc.**

**Civ. A. No. 85–21–B.**

United States District Court,
M.D. Louisiana.

Feb. 20, 1985.

William C. Dupont, Plaquemine, La., for plaintiff.

Leah Barron, Baton Rouge, La., for intervenor.

David S. Kelly, Breazeale, Sachse & Wilson, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

This matter is before the Court on the motion of the plaintiff, Alex Canova, to remand this action to the 18th Judicial District Court, for the Parish of Iberville, State of Louisiana. No oral argument is required on this motion.

Plaintiff originally filed this suit in the 18th Judicial District Court for the Parish of Iberville, State of Louisiana, seeking to recover damages for personal injuries allegedly sustained by the plaintiff while working with an air operated high torque wrench. Named as defendants at the time the suit was filed were C.R.C., Inc. (C.R.C.), a Louisiana corporation that supplied the tool to the plaintiff's employer, and Dresser Industries, Inc. (Dresser), a foreign corporation that manufactured the wrench. On the day this case was set for

---

trial in state court,[1] C.R.C. reurged a motion for summary judgment that had previously been taken under advisement by the state court. The state court granted C.R.C.'s motion for summary judgment and dismissed the plaintiff's suit with prejudice against C.R.C. Dresser then filed a petition for removal seeking to have the case removed to this Court. 28 U.S.C. § 1441. Dresser contends that complete diversity then existed between the plaintiff and the sole remaining defendant, Dresser. 28 U.S.C. § 1332.

The plaintiff has filed a motion to remand this action to the 18th Judicial District Court. The plaintiff contends that a case, originally not removable, cannot thereafter become removable due to the dismissal of a non-diverse party, unless such dismissal is by the voluntary act of the plaintiff. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967). The voluntary-involuntary dismissal distinction was used by the courts prior to the 1949 amendment to 28 U.S.C. § 1446(b).[2] *Powers v. Chesapeake & O.R. Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898); *Whitcomb v. Smithson*, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900). It is the defendant's position that this jurisprudence has been overruled by the 1949 amendment to 28 U.S.C. § 1446(b) and that as presently written, the statute permits removal when a non-diverse party has been dismissed by

an order relating to the merits of the case. However, the Fifth Circuit in *Weems, supra*, has clearly and specifically held that the voluntary-involuntary distinction is still viable.[3] This Court believes the Fifth Circuit's decision in *Weems* is correct and is binding on this Court. Therefore, this Court declines to hold, as the defendant contends in its brief that "the Fifth Circuit has misconstrued the amendment to the applicable section to the United States Code (28 USC 1446)." In fact, this Court is especially reluctant to disregard such controlling jurisprudence when the Fifth Circuit has recently described *Weems* as reaffirming the "voluntary-involuntary rule." *Phillips v. Unijax*, 625 F.2d 54 (5th Cir. 1980). See also *Royal v. State Farm Fire and Casualty Co.*, 685 F.2d 124 (5th Cir. 1982). And, although the defendant states that the *Weems* interpretation of the 1949 amendment to 28 U.S.C. § 1446(b) is subject to an argument of "ratio ad absurdum,"[4] this Court notes that other circuits' interpretation of this statute agrees with the Fifth Circuit's interpretation. See, e.g., *Quinn v. Aetna Life & Casualty*, 616 F.2d 38 (2nd Cir.1980); *In re Iowa Manufacturing Company of Cedar Rapids, Iowa*, 747 F.2d 462 (8th Cir.1984); *Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir.1978); and, *DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir.1979).[5] Many district courts have followed the voluntary-involun-

---

**1.** This Court has been advised that over 100 jurors were present in state court for jury selection at the time this case was removed to federal court.

**2.** 28 U.S.C. § 1446(b) presently provides, in pertinent part, that:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**3.** In *Weems* the Fifth Circuit Court of Appeals stated: "[I]t would seem that the voluntary-involuntary rule was not affected by the amendment and therefore remains part of today's applicable case law." 380 F.2d at 548.

**4.** Although Black's Law Dictionary, 5th Edition, does not define this phrase, this Court interprets it as meaning absurd reasoning.

**5.** The defendant, in support of its position that the Fifth Circuit misconstrued the amendment, lists three cases. *Lyon v. Illinois Central Railroad Co.*, 228 F.Supp. 810 (S.D.Ms.1964) was expressly overruled by *Weems*. See *Weems*, 380 F.2d at 548, where the Court explained why the *Lyon* view was incorrect. Similarly, this Court feels that the dictum in *Platt v. Illinois Central Railroad Co.*, 305 F.2d 136 (5th Cir.1962) is hardly controlling in the face of *Weems'* direct holding. And, *Shultz v. Commercial Standard Ins. Co.*, 297 F.Supp. 1154 (W.D.Okla.1969) was overruled impliedly by the Tenth Circuit in *DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir.1979), when it used the "voluntary-involuntary" test of *Weems* to decide if an action was removable.

tary rule before and after *Weems* was decided by the Fifth Circuit.[6]

Therefore:

IT IS ORDERED that the motion of the plaintiff, Alex Canova, to remand this case to the 18th Judicial District Court for the Parish of Iberville, State of Louisiana, be and it is hereby GRANTED.

Judgment shall be entered accordingly.

---

**6.** See, e.g. *Ennis v. Queen Insurance Co. of America,* 364 F.Supp. 964 (W.D.Tenn.1973); *Continental Oil Co. v. PPG Industries, Inc.,* 355 F.Supp. 1183 (S.D.Tex.1973); *Oklahoma State Union of Farmers' Educational and Cooperative Union of America v. Hartford Fire Insurance Co.,* 307 F.Supp. 415 (W.D.Okla.1970); *McAfee v.* *Phillips Petroleum Co.,* 300 F.Supp. 651 (D.Montana 1969); *Hum v. Missouri Pacific R. Co.,* 292 F.Supp. 65 (E.D.Ark.1968); *Lauf v. Nelson,* 246 F.Supp. 307 (D.Montana 1965); *Putterman v. Daveler,* 169 F.Supp. 125 (D.Delaware 1958); *Stone v. Foster,* 163 F.Supp. 298 (W.D.Ark.1958).