**Etheldred McMORRIS, et al.**
v.
**Huey STAFFORD, et al.**
Civ. A. No. 86–658–B.
United States District Court,
M.D. Louisiana.
Jan. 23, 1987.

Larry G. Starns, Denham Springs, La., for plaintiffs.

C. Michael Hart, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

This matter is before the court on motion of the plaintiff to remand and the defendant's motion for summary judgment.

Plaintiffs filed this suit against Gulf States Utilities Company (GSU) and its agent Huey Stafford. Plaintiffs contend the defendants breached a contract to provide gas and electric services. According to the complaint Etheldred McMorris operates a seafood restaurant in Livingston Parish. The account with GSU for this location was in the name of Dorothy Martin. In July of 1986, Mrs. Martin requested that her name be taken off of the account.

Therefore, GSU began procedures to disconnect the power. Plaintiffs allege that Huey Stafford, as agent for GSU, agreed to leave the power on if the balance due of $247.00 was paid before July 14, 1986. Plaintiffs further state that when an attempt was made to pay the bill on July 14, GSU informed them that the power was in the process of being disconnected. As a result of the loss of power, plaintiffs' food spoiled and the business had to close. Thereafter, Mr. McMorris suffered a heart attack which the plaintiff attributes to the stress caused by the incident.

Plaintiffs filed their suit in the 21st Judicial District for the Parish of Livingston in the state of Louisiana. Defendants removed to this court on the basis of diversity of citizenship alleging that although Mr. Stafford is a Louisiana resident, his presence in this suit is a "sham" and should not defeat diversity. The plaintiffs filed a motion to remand arguing that they have stated a claim against Mr. Stafford and, therefore, diversity does not exist.

This court and many others have stated that the burden of proving fraudulent joinder to prevent diversity is a heavy one that rests with the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983) *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984); *Peters v. Pumpkin Air, Inc.*, 635 F.Supp. 825, 826–27 (M.D.La.1986). A court must find that, based on the pleadings, there is absolutely no possibility that plaintiff will be able to establish a cause of action against the non-diverse defendant, or out-right fraud exists in the plaintiff's pleading of jurisdictional facts. *Green*, Id.; *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981).

When determining whether or not there is a possibility of a claim against the non-diverse defendant, the court must look to the facts alleged in the petition filed in state court. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir.1979).

If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal.

*Tedder,* supra, at 117. In other words, fraudulent joinder exists when from the face of the state court pleadings, plaintiff has failed to state a cause of action against the resident defendant. *Anderson v. Home Insurance Co.,* 724 F.2d 82, 84 (8th Cir.1983); *Tedder,* supra, at 116–17.

Taking all of the plaintiffs' allegations in their complaint as true, no cause of action has been stated against Huey Stafford. It is clear that Mr. Stafford was a disclosed agent for Gulf States. Articles 3012 and 3013 of the Louisiana Civil Code govern the liability of agents and mandataries. These articles provide:

Art. 3012. The mandatary, who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it, unless he has entered into a personal guarantee.

Art. 3013. The mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers.

Under these articles, the agent who discloses his principal is not personally bound to the third party. The exception to that rule is that the agent can be bound if he personally guarantees the performance of the principal. The plaintiff does not allege the facts necessary to bind the disclosed agent personally under the above quoted articles and therefore fails to state a cause of action against the agent. Therefore, since Huey Stafford was joined to defeat the court's diversity jurisdiction, this court may overlook his presence in order to uphold diversity jurisdiction.

The court is supported in its conclusion by the case of *Shultz v. Commercial Standard Insurance Co.,* 297 F.Supp. 1154 (W.D.Okla.1969). In *Shultz,* the court stated that including a disclosed agent in a suit against the principal in a breach of contract case is a fraudulent joinder when state law would not hold the agent personally liable. The facts of the *Shultz* case are almost identical to those now before this court. There, as here, the plaintiff did not make the necessary averments to hold the agent personally liable. This court agrees that in such a case, the joinder of the agent is fraudulent and will not prevent removal.[1] Therefore, plaintiff's motion to remand is denied.

Huey Stafford has filed a motion for summary judgment since he was acting as disclosed agent for GSU. However on motion of the plaintiff, Stafford was dismissed from this suit by an order dated December 16, 1986. Therefore, his motion for summary judgment is moot.

Therefore:

IT IS ORDERED that the plaintiff's motion to remand be and is hereby DENIED; and

IT IS FURTHER ORDERED that the defendant's motion for summary judgment be and it is hereby DENIED as moot.

---

1. This court has previously questioned the *Shultz* case on other grounds which are not involved in this case. *Canova v. C.R.C., Inc. of Louisiana,* 602 F.Supp. 817, 818, n. 5 (M.D.La. 1985). The *Canova* holding is not inconsistent with today's ruling.