**Janice Schneck SKIDMORE, Individually and on Behalf of Her Minor Daughter, Christy Leigh Skidmore**

v.

**BEECH AIRCRAFT CORPORATION, et al.**

**Civ. A. No. 87–314–B.**

United States District Court, M.D. Louisiana.

Oct. 27, 1987.

Guy A. Modica, Baton Rouge, La., for plaintiffs.

Jesse R. Adams, Jr. & Assoc., New Orleans, La., for defendants.

POLOZOLA, District Judge.

This matter is before the court on the motion of the plaintiff to remand this suit to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Plaintiff contends that defendant's petition for removal was not timely filed pursuant to 28 U.S.C. § 1446(b), or in the alternative that removal was improper for lack of complete diversity, 28 U.S.C. § 1332. Defendant responds that removal is timely under an alleged fraudulent joinder exception to § 1446(b).

Plaintiff, a Louisiana citizen, filed this suit in the Nineteenth Judicial District Court on March 2, 1984 against the defendant and six other parties seeking damages resulting from a plane crash that killed plaintiff's husband. On July 17, 1986, plaintiff voluntarily released in writing four of the defendants in the suit. Two other defendants had already been dismissed by summary judgment earlier in the case.

The signed release included the defendant A.R. Mills, but the subsequent motion and judgment to dismiss omitted his name. A.R. Mills is a Louisiana citizen and thus a non-diverse defendant in the suit. Beech, a Kansas corporation, then remained the only party defendant not dismissed or released from the suit.

On November 3, 1986, Beech filed an ex parte motion in state court to dismiss A.R. Mills from the suit. Attached to the motion was a copy of the plaintiff's receipt and release of A.R. Mills. The state court denied Beech's motion for lack of standing. On March 26, 1987, Beech was specifically advised in a conference with plaintiff's counsel that the omission of A.R. Mills'

name from the motion and judgment of dismissal was inadvertent. Defendant petitioned this court for removal on April 24, 1987.

■ The time and manner for removing an action which becomes removable after its original filing is set forth in 28 U.S.C. § 1446(b):

If the case stated by the initial pleading is not removable, a petition for removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

It is well settled that the removal statutes must be strictly construed. A federal court may encroach upon a state court's right to hear and determine cases properly brought in a state forum only pursuant to the express authority granted by Congress. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

The thirty day limitation mandated by § 1446(b) has a dual purpose. On the one hand it forecloses a defendant from adopting a wait and see approach in the state court. See *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965 (7th Cir.1982). On the second hand, the statutory requirement minimizes the delay and waste of resources involved in federal court after substantial proceedings have taken place in state court. *Id.*

*Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1199 (D.R.I.1986). A federal district court does not have authority to enlarge or extend this time period. *Hamilton v. Hayes Freight Lines*, 102 F.Supp. 594, 597 (E.D.Ky.1952), e.g. *Ross v. Barrett Centrifugals*, 580 F.Supp. 1510, 1512 (D.Me.1984) cited in *Gorman v. Abbott Laboratories*, supra at 1199.

■ This and many other courts have stated that the burden of proving fraudulent joinder to prevent diversity is a heavy one that rests upon the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983) cert. denied 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984); *McMorris v. Stafford*, 655 F.Supp. 671 (M.D.La.1987). A court must find that there is absolutely no possibility the plaintiff will be able to establish a cause of action against the non-diverse defendant or that outright fraud exists in the plaintiff's pleading of jurisdictional facts. *Green, Id., B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *McMorris, supra* at 672.

■ Beech contends that because it could not prove fraudulent joinder under the strict standards cited above, the 30 day limit of § 1446(b) was suspended until it could do so. This contention, while novel, is without merit. To allow such a tolling would be to invite the "wait and see" and "delay and waste" evils forewarned in *Gorman*. Removal based on fraudulent joinder must be brought within the 30 day time limitations of § 1446(b).

■ In the alternative, Beech asserts that § 1446(b) permits removal within 30 days of the action by which the plaintiff unequivocally effects an abandonment of his claim against the remaining resident defendants. *Schmidt v. Capital Life Ins. Co.*, 626 F.Supp. 1315, 1318 (N.D.Cal.1986). In order to determine whether there has been an "unequivocal abandonment" requires the court to look to state law to determine the validity and finality of plaintiff's release of A.R. Mills. Beech claims that the release of "A.R. Mills" created doubt as to whether the estate of A.R. Mills was released upon Mills' death. L.S. A.—C.C. Art. 872 provides:

The estate of a deceased means the property, rights, and obligations that a person leaves after his death ...

Since the signed release of A.R. Mills is properly considered a right, Art. 872 automatically transfers that right to the estate. The release of A.R. Mills also released his estate. There is nothing in the record to suggest the contrary.

■ A release is viewed as a contract under Louisiana law. *Richardson v. Ward*, 202 So.2d 327, 330 (La.App. 1st Cir.

1967), writ refused, 251 La. 487, 91 So.2d 573 (1967). In order for a release or waiver to be valid, it must possess the essential elements of any other contract. *Branch v. Alexander*, 231 La. 487, 91 So.2d 767 (1956); *Whittington v. Sowela Technical Institute*, 438 So.2d 236, 242 (La.App.Ct. 3d Cir.1983) writs denied. There are two Louisiana cases which have considered the finality of releases with respect to subsequent motions to dismiss. In *Cargo v. Green*, 463 So.2d 685 (La.App.Ct. 4th Cir. 1985), the court considered a conflict between a written release of all defendants and a subsequent ambiguous motion to dismiss only some of the defendants. The court stated:

> A party's intent although relevant and helpful in the interpretation of a release, may not substitute for the obligatory express reservation. The release failed to disclose any ambiguity that would negative the intent to release. Accordingly *reliance on a motion to dismiss that dismissed some parties, but reserved rights against others was misguided. Id.* at 688 (emphasis added).

In *Migliore v. Traina*, 474 So.2d 980 (La. App.Ct. 5th Cir.1985), a case quoting the *Cargo v. Green* holding, the court held:

> Without evidence to contradict the unequivocal language contained in the release or at least to establish a genuine issue of material fact, we cannot find otherwise than that plaintiff intended to release all parties, *regardless of the wording of her subsequent motion to dismiss. Migliore v. Traina, supra* at 984 (emphasis added).

Louisiana law clearly treats a valid release as binding on unequivocal abandonment of the action against the released party. Rescission of the release may occur only for error in the person or in the matter in dispute, or for fraud or violence. L.S.A.–CC Art. 3079. Defendants have not alleged grounds for rescission, nor have they provided evidence to intimate such a claim. For these reasons the court finds no ambiguity in the release involved in this case and finds the release to be valid. The release of A.R. Mills which was adopted by the defendants in their ex parte motion to dismiss filed on November 3, 1986 sufficiently allowed defendants to ascertain that the case at issue had become ripe for removal to federal court. Since defendant's petition for removal was not filed until April 24, 1987, the 30 day limit dictated by 28 U.S.C. § 1446(b) was exceeded. Therefore, the court finds the case was not timely removed to federal court.

Because this case was untimely removed to federal court, this court hereby remands the case to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Judgment shall be entered accordingly.