FILED
United States Court of Appeals
Tenth Circuit

April 24, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL EUGENE JACKSON; JAMES
RAY MOORE,

     Plaintiffs - Appellants,

v.

THE EDUCATION AND
EMPLOYMENT MINISTRY; JIM
ROBERTSON, individually and in his
official capacity; BERT BELANGER,
individually and in his official capacity;
KRIS STEELE, individually and in his
official capacity,

     Defendants - Appellees.

No. 16-6196
(D.C. No. 5:14-CV-01364-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

Michael Eugene Jackson and James Ray Moore, both black men, appeal the

district court's grant of summary judgment in favor of The Education and

Employment Ministry, two of its board members, and its executive director

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

(collectively, "TEEM"), on their discriminatory-discharge claims and other claims related to their terminations. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's judgment.

## I. Background

TEEM is a nonprofit organization dedicated to breaking cycles of poverty and incarceration. Since 1987 it has assisted Oklahomans in need of education, social services, job training, and job-placement services. In 2011, TEEM faced financial difficulties, forcing it to terminate several of its employees and to borrow money from its executive director to make payroll. The organization acquired a former state legislator as its new executive director in November 2012 but continued to face financial difficulties necessitating that it obtain a line of credit to make payroll in early 2013. According to the new executive director, TEEM's financial difficulties "stemmed from its service model which was to provide services to anyone and everyone who walked in off the street." Aplt. App., Vol. 1 at 57. He strove to restructure TEEM to narrow its focus to serving formerly incarcerated individuals because outside funding was available for providing those services. The new executive director was also concerned that TEEM's primary sponsor had placed it on probation due to a perception that it was "administratively top heavy." *Id.* at 69.

Additional terminations followed in 2013, including the plaintiffs' in August. With the departure of the plaintiffs, the executive team was reduced from six members to four, three of whom were black. According to TEEM, the plaintiffs' positions were eliminated for financial reasons and because those positions were not

2

funded by outside agencies. No one was hired to fill their positions after they were terminated. The restructuring required reassigning some of their administrative duties. Some were assigned to the program director, a black woman who was promoted from job-placement director; her salary was paid mostly through outside funding. Some of Mr. Moore's duties were assigned to a nonblack man whose salary was also paid through outside funding.

After filing complaints with the Equal Employment Opportunity Commission, the plaintiffs filed suit in the district court, asserting five claims for relief. The district court granted TEEM's motion for summary judgment. Applying the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the court concluded that the plaintiffs failed to state a prima facie case of racial discrimination because they failed to "demonstrate that the circumstances surrounding their terminations give rise to an inference of racial animus." Aplt. App., Vol. 2 at 224.[1] In the alternative, the court ruled that the plaintiffs had not shown that TEEM's stated reasons for their terminations—that it had eliminated their positions through restructuring and could no longer afford their positions—were pretextual. This conclusion is fatal to the plaintiffs' claims brought under 42 U.S.C. §§ 1981, 1985, and 1986. The court also rejected the breach-of-contract claim brought by Mr. Jackson, who sought to enforce an alleged oral agreement he had with TEEM to serve as its executive director for two years. That claim, according to the

---

[1] We note that the district court erroneously concluded that the plaintiffs could not use pretext evidence to help establish their prima facie case. *See Wells v. Colo. Dep't of Transp.*, 325 F.3d 1205, 1217-18 (10th Cir. 2003).

court, was barred by Oklahoma's statute of frauds. Finally, the court dismissed the plaintiffs' breach-of-fiduciary-duty claim, stating that there is generally no fiduciary relationship between employees and employers and that the plaintiffs "fail[ed] to cite any relevant authority in support of their assertions." *Id.* at 230.

On appeal the plaintiffs do not challenge the dismissal of their § 1986 claims, but they argue that the district court erred by (1) concluding that they failed to state a prima facie case of discrimination in support of their § 1981 claims; (2) granting summary judgment on their § 1985 claims; (3) misapplying the statute of frauds; and (4) ruling that they were not in a fiduciary relationship with TEEM.

## II. Analysis

We review de novo the district court's grant of summary judgment, applying the same standard as the district court. *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). "Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Larry Snyder & Co. v. Miller*, 648 F.3d 1156, 1159 (10th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). We view the alleged facts in the light most favorable to the plaintiffs and draw all reasonable inferences in their favor. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

## A. Claims under 42 U.S.C. §§ 1981 and 1985

Neither plaintiff alleges that he faced discrimination at TEEM before his termination. Where, as here, a plaintiff relies on circumstantial evidence to prove employment discrimination, we apply the *McDonnell Douglas* burden-shifting

4

framework, which first requires establishing a prima facie case of discrimination. *See Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005). "A prima facie case generally requires a plaintiff to show, by a preponderance of the evidence, that [he] is a member of a protected class, [he] suffered an adverse employment action, and the challenged action occurred under circumstances giving rise to an inference of discrimination." *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015). "While the elements of a prima facie case under the *McDonnell Douglas* framework are neither rigid nor mechanistic, their purpose is the establishment of an initial inference of unlawful discrimination warranting a presumption of liability in plaintiff's favor." *Adamson*, 514 F.3d at 1146. The burden at this stage is "not onerous." *Tabor*, 703 F.3d at 1216 (internal quotation marks omitted).

If a plaintiff states a prima facie case, the burden shifts to the employer to present a legitimate, nondiscriminatory reason for the adverse employment action. *See Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1221-22 (10th Cir. 2015). If the employer does so, the burden shifts back to the plaintiff to show that the proffered rationale is pretextual. *See id.* at 1222. "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1307 (10th Cir. 2017) (internal quotation marks omitted). But "mere conjecture that

5

the employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." *Id.* (alteration, brackets, and internal quotation marks omitted). The issue is not the wisdom, fairness, or correctness of the employer's action but whether the employer honestly believed its proffered rationale and acted in good faith based on that rationale. *See id.* at 1307-08.

In our view, summary judgment was proper because the plaintiffs failed to present more than conjecture to support their claim of pretext. They contend that TEEM did not actually eliminate their positions, it merely assigned their duties to other personnel, primarily the program director. But they concede that no one was hired to replace them after their terminations. They also concede that under the direction of the new executive director, TEEM had shifted its focus to serving the formerly incarcerated population in an effort to improve its financial health. Such decisions are appropriately left to TEEM, and the plaintiffs have not demonstrated that the reasons given for the restructuring are unworthy of belief. "[O]ur role is to prevent intentional discriminatory . . . practices, not to act as a super personnel department, second guessing employers' honestly held (even if erroneous) business judgments." *Young v. Dillon Cos.*, 468 F.3d 1243, 1250 (10th Cir. 2006) (internal quotation marks omitted). The plaintiffs made no showing the organizational changes were motivated by intentional discrimination; after all, three members of the new four-member executive team were black. The plaintiffs failed to demonstrate

6

the existence of a genuine issue of material fact as to whether the restructuring was a pretext for racial discrimination.

The plaintiffs also contend that they were not actually terminated for financial reasons. They point to later growth in TEEM and projections of a better financial condition after restructuring. But they concede that TEEM had a history of financial difficulties and had recently borrowed money again to make payroll. They do not dispute that TEEM had been running a deficit of $40,000 a month when they were terminated, nor do they dispute that outside funding was used to pay the employees who took over their duties. The plaintiffs have failed to present evidence from which one could reasonably infer that TEEM did not honestly believe that it would continue to face financial difficulties unless it restructured. Because the plaintiffs have not adequately shown pretext, summary judgment in TEEM's favor was proper.

The plaintiffs' claims under § 1985(3) assert a conspiracy to engage in the same discriminatory conduct that forms the basis of their § 1981 claims. Because the § 1981 claims fail, the § 1985(3) claims fail as well. *See Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) ("A violation of section 1985 must include class-based or racially discriminatory animus.").

## B. Statute of Frauds

The plaintiffs do not challenge the district court's determination that the alleged oral contract between Mr. Jackson and TEEM to serve as its executive director for two years falls within Oklahoma's statute of frauds because it could not be performed within a year. *See* Okla. Stat. tit. 15, § 136(1). Rather, they argue that

7

TEEM bears the burden of proving the alleged contract was not set forth in minutes from a board meeting and somehow subscribed by the board, stating that "there is no evidence in the record that said minutes were not subscribed by the [board]. . . . Defendants, as the moving party, have the burden to demonstrate they were not and they have not done so." Opening Br. at 16. But to the extent the plaintiffs seek to enforce a contract that, on its face, falls within the statute of frauds, it is their burden to allege facts supporting enforcement. "When it is apparent on the face of plaintiff's pleading that the contract is oral, and nothing taking the question out of the statute is alleged, defendant may demur." *Crabtree v. Eufaula Cotton Seed Oil Co.*, 122 P. 664, 665 (Okla. 1912) (internal quotation marks omitted). The plaintiffs adduce no evidence that would take the alleged contract out of the statute; therefore, they have failed to state a claim for breach of contract.

## C. Fiduciary Duty

The plaintiffs argue that the district court erred by concluding they had failed to show TEEM breached a fiduciary duty that it owed to them. Although they cite one Oklahoma case for the proposition that the existence of a fiduciary relationship is ordinarily a question of fact, *see Horton v. Hamilton*, 345 P.3d 357, 364 (Okla. 2015), they cite no authority to support finding a fiduciary relationship based on their status as either TEEM employees or donors. "Under Oklahoma law, the existence of a fiduciary relationship . . . *must be proven by the party asserting the relationship*." *Quinlan v. Koch Oil Co.*, 25 F.3d 936, 942 (10th Cir. 1994) (emphasis added). The plaintiffs adduce no evidence that would support such a finding.

8

## III. Conclusion

The district court's judgment is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge